EDMUND A. STUART, DEFENDANT IN ERROR, v. NEWS
PUBLISHING COMPANY, PLAINTIFF IN ERROR.

Submitted December 10, 1901—Decided March 3, 1902.

1. The fact that the matter alleged to be libelous had been, previous
   to its publication in a newspaper, (1) a matter of common rumor,
   or (2) found in affidavits, charging the plaintiff with the offence,
   which had been filed with a justice of the peace, or (3) found in
   a petition for divorce, which had been filed in Chancery by a
   complainant charging that the plaintiff had committed the offence
   published, is not legal ground for a justification of the publica-
   tion of the libel.
2. Such facts are proper to be taken into consideration by the jury
   in determining what damage the publication had done to the
   plaintiff.

On error to Supreme Court.

For the plaintiff in error, *George P. Rust* and *John B.
Humphreys.*

For the defendant in error, *McBurney & McBurney.*

The opinion of the court was delivered by

FORT, J. This was a suit for libel tried at the Passaic Cir-
cuit, with a verdict for the plaintiff for $500, and, upon the
coming in of the *postea,* judgment was entered thereon. The
errors assigned are to the charge and the refusals to charge
of the justice at the Circuit.

That the matter published was libelous was not disputed.

The defendant set up three matters in justification to the
whole action.

*First.* That the stories of the charge made in the publica-
tion were common rumor in Passaic.

*Second.* That two affidavits charging the plaintiff with the
offence published were filed with a justice of the peace in
Passaic.

*Third.* That a petition for divorce was filed in Chancery by a complainant charging that the plaintiff had committed the offence published with the defendant in that petition. None of these were legal grounds of justification for such a publication.

The correct rule as to the force of these facts was stated by the learned trial justice when he said to the jury: "They may properly be taken into consideration by you in determining what damage these articles have done to the plaintiff; their only bearing in this case is as to the amount of damages the plaintiff has sustained."

Nor was there error in the statement of the trial judge in the charge, under the evidence in the case, when he said to the jury: "There can be no doubt as to his [the plaintiff's] right to damages; none whatever." The plaintiff was entitled to some damages, and the court left it to the jury to determine what amount would be fair compensation for the injury done to his reputation by the publication. 18 *Am. & Eng. Encycl. L.* (*2d ed.*) 1083; 15 *Am. St. Rep.* 339, *note.*

There is much in the briefs in this case as to the effect of the act of June 13th, 1898, entitled "An act relating to libels." *Pamph. L.* 1898, *p.* 476.

But the difficulty of considering the effect of that statute presents itself at once, upon examining the exceptions in the record. None of the exceptions taken to the charge of the learned trial justice raise any question under that statute, and the requests to charge are no better. There were five requests, to the refusal of each of which exception was taken, and upon each of which error has been assigned. But none of these were requests to charge any principle of law based upon this statute. The record is this:

"By Mr. Rust—I ask the court to direct the jury to return a verdict for the defendant on these grounds." Then follow the five reasons in the record. None of these would have justified the court in directing a verdict. The only effect of the statute of June 13th, 1898, when the facts proven make a case under its provisions, is to limit the recovery of the

plaintiff to his "actual damage proven and specially alleged in his declaration." The plaintiff did allege specially in his declaration the publication of the article, and that he was injured in his good name, fame and credit, and brought into public scandal, infamy and disgrace with and among all his neighbors and other good and worthy persons to whom he was in anywise known. The publication charged him with a crime. That, *per se,* even under this statute, entitled him to nominal damages, and such increase beyond nominal as in the judgment of the jury would compensate for the injury specially alleged as above quoted from his declaration. What this increase was, if anything, was peculiarly for the jury. The court could not have directed a verdict for the defendant.

This is a writ of error, and whether the damages awarded by the jury are excessive is not before us. Nor is there any exception, upon which error is assigned, upon the decision of which, if the court were to determine the constitutional question raised, any result could be arrived at other than one affirming the judgment. Hence the constitutionality of the act of June 13th, 1898, is not passed upon.

The judgment of the Supreme Court is affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, VAN SYCKEL, GARRISON, COLLINS, FORT, GARRETSON, HENDRICKSON, PITNEY, KRUEGER, ADAMS, VREDENBURGH, VOORHEES, VROOM. 14.

*For reversal*—None.