JOHN C. MARSH, PLAINTIFF AND DEFENDANT IN ERROR, v. WALTER E. EDGE, DEFENDANT AND PLAINTIFF IN ERROR.

Argued December 8, 1902—Decided March 2, 1903.

1. When the plaintiff alleges in his declaration for libel that he is injured in his good name, fame and credit among his neighbors by the alleged libelous publication and hence is damaged, he is entitled to recover compensatory damages, notwithstanding the provision of the act entitled "An act relating to libel," approved June 13th, 1898. *Pamph. L., p.* 476.
2. Under such a declaration he can recover his actual damages. "Actual damages specially alleged," as used in the statute of June 13th, 1898, means such as would be compensatory damages at common law. *Stuart* v. *News Publishing Co.*, 38 *Vroom* 317, followed.

On error to the Supreme Court.

For the plaintiff in error, *Harry Wootton.*

For the defendant in error, *Clarence L. Cole.*

The opinion of the court was delivered by

FORT, J. This was an action for libel tried at the Atlantic Circuit, resulting in a verdict in favor of the plaintiff for $125. There are no assignments of error founded on admissions of evidence, and reference need be made only to the first assignment of error in determining the question here raised. This assignment is: "Because the trial court refused to non-

suit the plaintiff, because the plaintiff had not proved malice
in fact, and had not demanded in writing a retraction from
the defendant, Walter E. Edge, of the matters alleged to be
libelous, as required under the act entitled 'An act relating to
libel,' approved June 13th, 1898." The contention of the
defendant is that, under the act referred to, there can be no
recovery in an action for libel, except there be proof of express
malice, unless the plaintiff has made demand in writing for
a retraction of the libelous article as published in the news-
paper, and which is alleged as the basis of the action. To
give the statute the construction contended for would be to
defeat the right of the plaintiff to recover even nominal dam-
ages in a libel suit. Such a construction would not be given
to a statute depriving a person of a remedy unless it was so
clear as to be beyond question. This court, however, has con-
strued this statute directly against the contention of the de-
fendant in this case. The defendant here did not deny that
the publication was a libel, but, on the other hand, admitted
it, and immediately, in his next publication, retracted and
corrected it. The trial justice excluded from the jury, under
the proof, all questions of punitive damages, and confined
them to compensatory damages only. The amount of the ver-
dict in this case makes it clear that the damages assessed by
the jury were within the direction given to them by the court.

In *Stuart* v. *News Publishing Co.,* 38 *Vroom* 317, this court
held that, conceding the act entitled "An act relating to
libel," approved June 13th, 1898, to be constitutional (which
was not then decided and is not intended now to be decided),
that nevertheless, under that statute, to recover compensatory
damages in an action for libel, it was only necessary to allege
that the effect of the publication had been that the plaintiff
was "injured in his good name, fame and credit, and brought
into public scandal, infamy and disgrace with and among all
his neighbors and other good and worthy persons to whom he
was in anywise known."

The provision of the act which says the plaintiff "shall
recover only his actual damages proved and specially alleged
in the declaration" is fully complied with by such an allega-

tion of actual damages or injury as that just above quoted. *Stuart* v. *News Publishing Co., supra.*

The language of the declaration in the case before us is quite as specific in the matter of special allegation of damages as in the declaration in the Stuart case. After reciting the facts as published, and showing their criminal and immoral character, and alleging that they were false and untrue in fact as to the plaintiff, the declaration proceeds as follows: "All of which was well known to the defendant at and before and since the time of such publication, by means of which said premises the plaintiff hath been forced and obliged to undergo, and hath undergone, trouble in body and mind, and laid out and expended large sums of money, and has been greatly affected in his good name and reputation; prevented from transacting his necessary and lawful method of business for a long space of time; by reason of said publication his family and children have been held up to shame, infamy and ridicule, and have also suffered in body and mind by reason of such publication, and the plaintiff has otherwise been greatly injured and damaged."

This is a good declaration under the statute, and alleges specially sufficient grounds to entitle the plaintiff to recover actual damages (which means compensatory damages) for the special injuries thus alleged.

We have not passed upon the constitutional question argued in this case, because the case was submitted to the jury in such a way as to be within the Stuart case and to be clearly within the statute as to damages, irrespective of the constitutional question.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, VAN SYCKEL, DIXON, FORT, GARRETSON, PITNEY, VREDENBURGH, VOORHEES, VROOM. 10.

*For reversal*—None.