MARY SHAW, RESPONDENT, v. ELLA A. BENDER, APPELLANT.

Submitted July 10, 1916—Decided March 5, 1917

1. Whenever words clearly sound to the disreputation of the plaintiff they are defamatory on their face and actionable *per se.*
2. A suit lies for words actionable *per se* without proof of special damage.
3. Conflicting testimony is always for the jury.
4. A question not presented and argued in the court below will be held to have been waived and abandoned, and will not be considered in an appellate tribunal.
5. The present practice requires that a defendant's answer must specifically state any defence which, if not stated, would raise issues not arising out of the complaint.

On appeal from the Atlantic County Circuit Court.

For the appellant, *Bolte, Sooy & Gill.*

For the respondent, *Lee F. Washington.*

The opinion of the court was delivered by

WALKER, CHANCELLOR. The plaintiff sued the defendant for damages for slander. The complaint contained two counts —*first,* that on November 6th, 1914, in the county of Atlantic, the defendant, in the presence of Rose Scanlan, William Colligan and other persons, said to, and of, and concerning, the plaintiff: "You (meaning the plaintiff) bring that sign back you stole last night, you and Col. Kelly * * * you are a God damn liar, you stole it out of that window last night * * * you are nothing but a thief, you stole my chair * * * you stole part of my new range * * * you stole the gas light out of the dining-room," thereby stating that the plaintiff was a thief and guilty of the crime of larceny; *second,* at the same time and place, in the presence of Rose Scanlan and William Colligan and other persons, defendant said to, and of, and concerning, the plaintiff: "You

(meaning the plaintiff) are nothing but a common low prostitute * * * you are so God damn low you don't know what you are * * * you are a liar * * * he (meaning Col. Kelly) lives with you," meaning thereby that the plaintiff was unchaste, subject to the punishment inflicted upon common prostitutes, and that the plaintiff was guilty of the crime of adultery or fornication with Kelly. Plaintiff alleged that the words were false and malicious and demanded damages.

Defendant answered, first, that there was no allegation in either count that the words spoken, or any of them, were used in a defamatory sense, and, further, that no special damage was alleged to have resulted to the plaintiff as a consequence of the words alleged to have been spoken, and that for want of such averments no cause of action was declared; second, that the several allegations in the counts were wholly false in fact and untrue.

The action was tried in the Atlantic County Circuit Court before Mr. Justice Carrow and a jury, and resulted in a verdict in favor of the plaintiff and against the defendant, upon which judgment was duly entered, with costs.

The defendant appealed to this court from the whole of the judgment, first, because the trial court refused the defendant's request to nonsuit the plaintiff at the close of her case; second, because the court refused to nonsuit at the close of the defendant's evidence, and third, because the court erred in charging the jury in certain particulars.

1. As to the motion to nonsuit: The plaintiff testified that on November 6th, 1914, in the defendant's house, in Atlantic City, in the presence of the defendant's brother, Mr. Colligan, and of Mrs. Scanlan and several others, she, the defendant, said to the plaintiff: "You God damn thief, you stole my sign, I want you to bring that sign back you stole last night. I said, Now you be careful who you are talking to, I didn't steal your sign. You are a God damn thief, you stole my sign, you stole my gas jets, you stole part of my new stove. You are nothing but a God damn thief. She said I was so low I didn't know what I was, and she said I was nothing but a God damn common low prostitute. * * * She said Col.

Kelly and I stole the sign last night. I said, I didn't see Col. Kelly last night. She said, You are a God damn liar; he lives with you." This story was corroborated by Mrs. Scanlan, who went with Mrs. Shaw to Mrs. Bender's. In this state of the proofs, the plaintiff rested and the defendant moved for a nonsuit, the only ground approaching a reason therefor being counsel's assertion that there was no damage alleged or proved. The court thereupon allowed the plaintiff to amend her complaint in certain respects requested by her attorney, namely, by alleging that as a result of the language used, the plaintiff was injured in her reputation and standing in the community, and that the making of the statements damaged the plaintiff in her business as a boarding-house keeper, and as a result of the speaking of the words the plaintiff was humiliated in her feelings as well as by the indignity of having the words spoken. The motion to nonsuit was denied, with leave to renew it at the end of the case.

Whenever words clearly "sound to the disreputation" of the plaintiff, there is no need of further proof, they are defamatory on their face and actionable *per se*. *Odg. L. & S.* *18. Spoken words are defamatory when the imputation cast by them on the plaintiff is on the face of it so injurious that the court will presume, without proof, that plaintiff's reputation has been thereby impaired, and one of the class of cases in which this presumption arises is where the words charge the plaintiff with the commission of a crime. *Ibid.* *53. Assuming that the defendant uttered the words alleged to have been spoken of and concerning the plaintiff, she charged her with the commission of two crimes, namely, larceny and adultery or fornication, each of which is indictable under our statute. It is actionable to call one a thief, and no innuendo at all is necessary, as larceny is clearly imputed. *Ibid.* *105. Equally, it is actionable to call a woman a prostitute, and no innuendo is necessary, as adultery or fornication is implied, accordingly as the woman is married or unmarried. A suit lies for words actionable *per se* without proof of special damage. *Johnson v. Shields*, 25 *N. J. L.* 116.

It is specified as cause for reversal that a nonsuit should have been granted because the statements of the defendant were directed to the plaintiff personally and to no one else, hence, the element of publication, which is the foundation of slander, was lacking. The trial court was not requested to grant a nonsuit on that ground; hence, the question is not before us for determination.

A question not presented and argued in the court below will be held to have been waived and abandoned, and will not be considered in an appellate tribunal. *State* v. *Heyer,* 89 *N. J. L.* 187.

2. As to the motion to nonsuit at the close of case: Mrs. Bender, the defendant, took the witness stand and testified that she never called Mrs. Shaw a thief or a prostitute. Mr. Colligan, defendant's brother, testified that he saw there was commotion in his sister's house and went in and got between the women; that he did not hear his sister say anything, only heard Mrs. Shaw's tongue above them all. Other witnesses were called who also gave only negative testimony, saying they did not hear Mrs. Bender use the slanderous language attributed to her.

When the testimony was closed, counsel for the defendant addressed the court and said: "I am inclined to think that this case ought to be dismissed without debate." The trial judge, regarding this as a renewal of the motion to nonsuit, which he had reserved, and treating it as a motion to direct a verdict for defendant, denied it, and the case went to the jury who found for the plaintiff.

The action of the trial judge was clearly right. The testimony for the defendant did no more than put the facts in dispute and thus raise a jury question. Conflicting testimony is always for the jury. *Dickinson* v. *Erie Railroad Co.,* 85 *N. J. L.* 586.

3. Among the causes for reversal assigned by the appellant are three alleged errors committed by the trial judge in charging the jury, but, as no exception was taken to any part of the charge, these reasons for reversal are not available to appellant here.

4. It is argued in the brief of the appellant that the alleged slander was privileged. Privilege is not pleaded nor is it assigned as a reason for reversal. Counsel for respondent makes the point that the question of privilege should not be considered by the court, inasmuch as it was not specially set up by the defendant in her answer. This is correct. The present practice requires that a defendant's answer must specifically state any defence which, if not stated, would raise issues not arising out of the complaint. The present case is within this provision. And in a case where defences are not so pleaded they are not available on appeal. See *Titus* v. *Pennsylvania Railroad Co.,* 87 *N. J. L.* 157, 161. Besides, the point is not available here, for the reason that the other ones not raised below are not.

The judgment must be affirmed, with costs.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, WHITE, WILLIAMS, JJ.   12.

*For reversal*—None.