PIERRE P. GARVEN, RESPONDENT, v. CHARLES V. FINCH, APPELLANT.

Argued November 19, 1921—Decided March 6, 1922.

A libel may be actionable *per se* without charging a crime, for whenever words clearly sound to the disreputation of the plaintiff, there need be no further proof of damage.

On appeal from the Supreme Court, in which the following *per curiam* was filed:

"This is a libel suit. The state of demand charged that defendant published of and concerning plaintiff in a daily newspaper a statement in words and substance as follows:

" 'I refer to Mr. Garven's having accepted in 1918 $5,000 of Public Service money which was the Hudson county allotment of the Public Service's contribution to Edge's senatorial campaign fund.'

"The case was tried before the District Court judge sitting without jury, and he delivered an oral decision or opinion which was taken down and is printed as a part of the case and attacked on this appeal. We do not feel called upon, however, to deal with it except so far as it is involved in the specification of alleged errors of the court below.

"The first of these is that the trial court admitted in evidence only part of the newspaper article, consisting of the extract above quoted and embodied in the state of demand, whereas the defendant claimed to be entitled to have all the article put in, and was not obliged to do this as part of his case. We understand this to be discretionary with the court. *Wigm. Ev.,* § 2102. But in any event, if harmful error is to appear it must appear by inspection of the entire article, and this the appellant has not laid before us; so that we cannot tell whether there was anything in it to wipe out or mitigate the normal effect of the extract declared on.

"The next point is that the court admitted a part of another and later article, when defendant demanded to have it all go in. We cannot find this point was made on the trial; but if it was, the answer is the same as to the first point.

"Points 3, 4 and 5 are that the court erred in holding, when deciding the case, that defendant had not acted in good faith; had acted maliciously; and had not sustained the burden of the defence of justification.

"All these are questions of fact, and if supported by any evidence are not reviewable. There was evidence of both bad faith and malice; and malice sufficient to sustain the action is presumed from the publication of the libel. *King v. Patterson*, 49 *N. J. L.* 417. Appellant seems to be correct in claiming that no justification was offered in defence and that the evidence to prove the truth of the statement was introduced only to mitigate the damages. *Merry v. Guardian Publishing Co.*, 79 *Id.* 177; 81 *Id.* 632. But we are unable to see how this misapprehension on the part of the court constituted legal error, where there was no jury and there is nothing to show that it affected the amount of damages in any way.

"The sixth and last point is that the libel did not charge any criminal offence. It seems to us that it reasonably amounted to a charge of participation in a conspiracy to defeat an election, which would certainly be criminal in character; but if we are in error in this view, the adequate answer is that a libel, to be actionable *per se,* need not charge a crime, but it is sufficient if it tend to bring the party accused into public contempt, odium or ridicule. 25 *Cyc.* 250, 253. A charge of political corruption is libelous *per se. Id.* 262. This is elementary law."

For the appellant, *Anthony R. Finelli* and *Frank E. Bradner*.

For the respondent, *Aaron A. Melniker*.

PER CURIAM.

The judgment under review herein should be affirmed, for the reasons expressed in the opinion of the Supreme Court. In addition to the Supreme Court's citation of 25 *Cyc.* 250, 253, as authority that a crime need not be charged to make an action libelous *per se,* we call attention to the case of *Shaw* v. *Bender,* 90 *N. J. L.* 147, wherein this court held that wherever words clearly sound to the disreputation of the plaintiff there is no need of further proof, as they are defamatory on their face and actionable *per se.*

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, BERGEN, MINTURN, KALISCH, BLACK, KATZENBACH, WHITE, HEPPENHEIMER, WILLIAMS, GARDNER, ACKERSON, VAN BUSKIRK, JJ. 14.

*For reversal*—None.