KENNETH LINDSEY, PLAINTIFF, v. THE EVENING JOUR-
NAL ASSOCIATION, A CORPORATION, AND CHARLES
V. FINCH, JOINTLY AND SEVERALLY, DEFENDANTS.

Decided December 1, 1932.

For the plaintiff, *Ralph J. Ducoff*.

For the defendants, *Carey & Lane*.

ACKERSON, S. C. C. This is an action for libel against two defendants, The Evening Journal Association and Charles V. Finch. The complaint contains three counts. The first two are against The Evening Journal Association and the third against the co-defendant Finch. All three counts.

however, are based upon the same alleged libelous publication contained in an issue of the Jersey Journal, which publication is set forth in the complaint as follows:

"Harry Rey apparently did not like the idea of having made public his subtle, but futile, attempts at political double-crossing. He was unceremoniously kicked out of our political camp because we would not tolerate his tactics. His present political bedfellows are entirely welcome to him— until such time, of course, that they, too, tire of him and start him back to Kentucky.

"Rey undoubtedly was encouraged in his tactics by his assignment as counsel to Kenneth Lindsey, Seglie henchman, who was caught in the act of disfranchising Union City voters simply because they did not bow the knee to Paul Seglie. Rey will more probably fit in a picture with Lindsey than he possibly could in our camp, where he could find nothing in common with his own style."

Each of the defendants has filed an answer. That of The Evening Journal Association, in addition to certain admissions and denials, contains ten separate defenses. That of the defendant Charles V. Finch contains nine separate defenses.

The matter now comes before me upon the plaintiff's motion to strike out certain of the separate defenses contained in each answer, which defenses will be hereinafter noticed.

Taking up first the answer of The Evening Journal Association we find that the first defense is not objected to. The second and third separate defenses, although couched in different language, are intended to put in issue the defamatory sense averred in the complaint. The third separate defense is in the following language: "This defendant says that the publication complained of, when read in connection with the entire language published, did not admit of the defamatory sense averred in the complaint." This is objected to on the ground that it is sham and also that it is an unnecessary repetition of the main part of the answer and of the second separate defense. Inasmuch as the plaintiff has submitted no affidavits with his notice of motion, and the entire article as published is not before me, this defense should not be

stricken out as sham. It is intended, however, to raise the same defense as set forth in the second separate defense, and one or the other should be stricken out as duplicitous and unnecessary. Inasmuch, therefore, as the third separate defense is couched in the language approved of in the case of *Schwarz Brothers Co.* v. *Evening News Publishing Co.,* 84 *N. J. L.* 486; 87 *Atl. Rep.* 148, it is desirable that it should stand and the second separate defense be stricken out as unnecessary repetition, and that will be the order.

The fourth separate defense is not by way of denial of the right of action but seeks to plead in mitigation of damages, that the defendant honestly believed, and has reasonable and probable cause to believe that the publication was true, and that it was inserted without malice. In this latter aspect, such a pleading was permitted, under the Practice act of 1912, in the case of *Schwarz Brothers Co.* v. *Evening News Publishing Co., supra,* primarily as a defense to the claim for punitive damages. The criticized pleading should, therefore, be permitted to stand.

The fifth separate defense is as follows: "This defendant says that the publication complained of was privileged. This defendant further says that the same was published without malice." Plaintiff objects to this alleged defense on the ground that it is frivolous and sets forth a conclusion of law without alleging the facts from which such a conclusion may be drawn, and on the further ground that it is an unnecessary repetition of the fourth defense. The last mentioned ground is not tenable. As to the other grounds, it is sufficient to say that the pleading would probably be good on a general demurrer at common law, the equivalent of a motion under rule 40 of this court—but would not be good under a special demurrer at common law which is the equivalent of a motion under rule 39. Inasmuch as the plaintiff's reasons for this motion, as stated, are sufficient to raise objections under either of said rules, the pleading must be stricken out because the statement that "the publication complained of was privileged," is a mere conclusion of the pleader without the allegation of any facts whatever to support the same.

The sixth separate defense is as follows: "This defendant

further says that the plaintiff has failed to request of this defendant to retract the alleged libelous statement."

This is an attempt to take advantage of the second section of the act entitled "An act relating to libels" (*Pamph. L.* 1898, *p.* 476, § 2), which provides as follows:

In every civil action for libel against the owner or owners, manager, editor, publisher, or reporter of any newspaper, magazine, publication, periodical or serial in this state, the defendant may give proof of intention, and unless the plaintiff shall prove either malice in fact or that the defendant, after having been requested by him in writing to retract the libellous charge in as public a manner as that in which it was made, failed to do so within a reasonable time, he shall recover only his actual damage proved and specially alleged in the declaration.

The evident purpose of this act is to afford the publisher of a newspaper, magazine, &c., the opportunity to escape punitive damages under the circumstances indicated, and a defense thereunder only goes to the question of such damages, and would not affect the question of compensatory damages if proper ground therefor is laid in the complaint.

The plaintiff objects to this defense as either sham or frivolous, but fails to argue the question in his brief, and his objection, therefore, may be considered as abandoned. In any event the defense cannot be considered as sham, as the plaintiff has filed no affidavits in support of his motion. Neither can the pleading be considered as frivolous, because, if true, it would possibly have the effect of eliminating punitive damages, and, therefore, proper under the case of *Schwarz Brothers Co.* v. *Evening News Publishing Co., supra.*

The sixth separate defense, however, must be stricken out by the court of its own motion, on the ground that it is unnecessary repetition. Paragraph 8 of the complaint alleges a refusal on the part of the defendant to make retraction, upon a written request therefor by the plaintiff, and this is denied in paragraph 8 of the main part of the defendant's answer. This sufficiently raises the question involved without repeating the same in the sixth separate defense, which will, therefore, be stricken out for the reason indicated.

The seventh separate defense alleges in effect that the alleged libelous statement had been published in other newspapers, and was a matter of common rumor previous to the publication thereof, in the Jersey Journal, and, therefore, any damages which may have been caused to the plaintiff were not caused by the publication in the newspaper of the defendants.

Plaintiff moves to strike out this defense on the ground that it is frivolous and does not set forth a defense to the complaint, and on the ground that it is prolix and argumentative.

It is true that the matters alleged would not be a legal justification for the publication of the alleged libel, and could only be taken into account in determining the amount of damages sustained by the plaintiff. *Stuart* v. *News Publishing Co.*, 67 *N. J. L.* 317. As a claim of justification the pleading is, therefore, frivolous. Taken in the view of a denial that the plaintiff was damaged thereby, the pleading is duplicitous and unnecessary, as the subject thereof may properly be availed of under the defendant's denial of the damages set forth in paragraph seven of the complaint. This defense will, therefore, be stricken out as frivolous and unnecessary.

The eighth separate defense alleges in substance "that at the time of the alleged publication the defendant Charles V. Finch, and the plaintiff, Kenneth Lindsey, were actively engaged in a political campaign and were openly and publicly opposing each other in reference thereto." It also sets out that the plaintiff was a member of the Hudson county board of elections and was removed from that office for the reasons referred to in the statement charged to be libelous; further, that as a result of charges made against him by the Hudson county board of elections, the plaintiff was placed under arrest, and further, that the publication was made without malice and in the course of the defendant's duties to publish news solely for the public interests and public welfare.

The plaintiff moves to strike out this defense on the ground that it is frivolous, impertinent, argumentative, prolix and

scandalous, and does not set forth a defense to the action and amounts to a conclusion of law without the allegation of facts to support the same.

In the first place it is to be noted that it is not asserted that the plaintiff was a candidate for public office. It is apparent, therefore, that the defendant seeks to avail itself of the privilege accorded by law to the press and public generally of fair comment and criticism upon actual facts which are matters of public interest.

There is no doubt that the public acts of a public man may lawfully be made the subject of fair comment or criticism, not only by the press, but by all members of the public. But the distinction cannot be too clearly borne in mind between comment or criticism, and allegations of fact, such as that disgraceful acts have been committed or discreditable language used. It is one thing to comment upon or criticize, even with severity, the acknowledged or proven acts of a public man, and quite another to assert that he has been guilty of particular acts of misconduct. It is settled that newspapers as such have no peculiar privilege, and it is equally settled that the privilege of comment and criticism on matters of public interest does not extend to false statements. *Schwarz Brothers Co.,* v. *Evening News Publishing Co., supra.*

As was said in the case of *Burt* v. *Advertiser Newspaper Co.,* 154 *Mass.* 238, 242, where the charges were of fraud in the New York customs house:

"We agree with the defendant that the subject was of public interest and that in connection with the administration of the customs the defendant would have a right to make fair comments on the conduct of private persons affecting that administration in the way alleged. But there is an important distinction to be noticed between the so-called privilege of fair criticism upon matters of public interest and the privilege existing in the case, for instance, of answers to inquiries about the character of a servant. In the latter case a *bona fide* statement, not in excess of the occasion, is privileged, although it turns out to be false. In the former what is privileged, if that is the proper term, *is criticism, not state-*

*ment;* and however it might be if a person merely quoted or referred to a statement as made by others, and gave it no new sanction, if he takes upon himself in his own person to allege facts otherwise libelous, he will not be privileged if those facts are not true."

The difficulty with the eighth separate defense is that the pleader fails to distinguish between comment or criticism of the acknowledged or proven acts of a public man, and a statement or charge that he has been guilty of particular acts of misconduct. The assertion in the publication in question that the plaintiff, Kenneth Lindsey, "was caught in the act of disfranchising Union City voters because they did not bow the knee to Paul Seglie," is not merely comment or criticism, but is a direct charge of a particular act of official misconduct. Such a statement, if not true, would certainly not be pivileged, even if made without malice and in the course of publishing the news. If such statement was true, it would probably be met by a defense that the publication was true in substance and in fact, and the belief of the plaintiff or the lack of malice would make no difference. Such an issue is probably raised under the first separate defense which pleads that the defendant is "not guilty of the allegation contained in the complaint of the plaintiff."

As was said by Mr. Justice Swayze in the case of *Schwarz Brothers Co.* v. *Evening News Publishing Co., supra,* where the publication was concerning the conditions existing in the plaintiff's slaughter house:

"The sixth defense sets forth a right to describe the conditions at the plaintiff's place and the right to comment as if the two rights were the same. If the only meaning of the pleador is to aver that the newspaper had the right to comment upon admitted facts as to the condition of the plant and the method of doing business, it would be unobjectionable, for fair comment is not libelous at all and requires no justification. *Odg.* \*32; *Campbell* v. *Spottiswoods, 3 B. & S.* 769; *Davis* v. *Shepstone* (*L. R.*), 11 *App. Cas.* 187; 55 *L. J. P. C.* 51; *Burt* v. *Advertiser Newspaper Co., supra;* other cases are collected in 25 *Cyc.* 401. The difficulty is that the publication was not mere comment upon admitted

facts. Whether it was a statement of conditions that prevailed at the plant of the plaintiff or not is the very point in controversy. It was a description of the conditions that prevailed, it is covered by the plea that the publication was true in substance and in fact and the belief of the plaintiff makes no difference. But the evident object of the defense was to set up a privilege on the part of a public newspaper to publish falsehoods with reference to a man's business if it believed them to be true."

Sufficient has been said to show that the eighth separate defense must be stricken out because it is frivolous and does not present any legal defense to the action.

The ninth separate defense alleges in substance that the plaintiff was employed as a clerk in the Hudson county board of elections and was charged by officers thereof with changing addresses of persons who had previously recorded changes of residence to that board, and that he willfully failed to perform or enforce the provisions of section 11, chapter 328 of the Pamphlet Laws of 1926, concerning the election laws of the State of New Jersey; that based upon said charges a bench warrant was issued for his arrest and he was held to await the action of the grand jury; therefore, in view of these facts, the publication in question was entirely justified, the defendant believing them to be true and having published same without malicious intent.

Plaintiff moves to strike out this defense upon several grounds, among them being that it is frivolous and does not set forth a defense to the action.

What has been said in disposing of the eighth separate defense is sufficient to show that this defense should also be stricken out as frivolous or as not setting forth a legal defense.

This defense does not allege that the said charges against the plaintiff were true nor that he was convicted thereof. If this were the case, it would be a sufficient justification in itself without the other allegations above referred to. Of course, such a defense, if it had been made, would have been unnecessary, because the issue of truth has already been raised in another part of the answer. If the charges were not true, the defendant could not justify them on the ground

that the defendant believed them to be true, and that they were published without malicious intent, for as already observed, the alleged libelous publication contains a direct *charge of misconduct* made by this defendant against the plaintiff. This is not comment or criticism but a direct charge, and therefore not privileged, and only justifiable if true.

The ninth separate defense will, therefore, be stricken out as frivolous and not setting forth a legal defense.

The tenth separate defense is but a repetition in fuller form of the sixth separate defense to the effect that no demand for retraction has been required by the plaintiff of this defendant. As observed in discussing the sixth separate defense, it is only effective in disposing of the question of punitive damages, and since the same issue is raised by the defendant's denial of the eighth paragraph of the first count of the complaint which sets forth that a request for retraction was made and refused, it would seem that the tenth separate defense is duplicitous and should be stricken out by the court for that reason.

Turning now to the answer of the defendant Charles V. Finch, we find that the motion is addressed to all of the separate defenses except the second.

The first separate defense is stated as follows: "This defendant denies that the complaint sets forth a good cause of action." Of course, as plaintiff insists, this is not the proper subject for an answer, for it raises an issue of law which should be raised by a motion to strike out the complaint. This alleged defense will, therefore, be stricken out for the reason stated.

The third, fourth and fifth separate defenses are identical with the same numbered defenses in the answer of the defendant The Evening Journal Association, herein above considered, and will receive the same fate. This results, therefore, in striking out the fourth and fifth separate defenses but allowing the third to stand for the reasons indicated in disposing of such defenses in the answer of The Evening Journal Association.

The sixth separate defense seeks to justify the alleged

libelous publication upon the ground that it was but fair and reasonable criticism by the defendant of one of his political opponents, although it is not alleged that the plaintiff was a candidate for office, and that the statements were predicated and based upon reasonable inferences and upon fact.

The plaintiff seeks to strike this out as frivolous.

If the criticized pleading had alleged that the publication was true, it would have been a good defense. Comment and criticism cannot be based upon inferences, unless such inferences are based upon actual facts, and this pleading does not tell us what the particular facts are from which the inferences were drawn. Furthermore, the alleged libelous statement contains a direct charge made by defendant against the plaintiff of official misconduct. This is not comment or criticism, and if the charge is not true, it would not be privileged. This subject was dealt with above in discussing the eighth separate defense set up in the answer of the other defendant.

The sixth separate defense will, therefore, be stricken out as frivolous and not setting forth a legal defense to this action.

The seventh separate defense is the same as the eighth separate defense in the answer of the other defendant already disposed of, and will be stricken out for the same reasons, viz., that it is frivolous, and does not present any legal defense.

The eighth separate defense is the same as the ninth separate defense in the answer of the other defendant already disposed of, and will be stricken out for the reasons given in making such disposition, viz., that it is frivolous and does not set forth a legal defense.

The ninth separate defense is the same as the sixth separate defense in the answer of the other defendant and will be stricken out by the court as unnecessary repetition because, so far as it may tend to eliminate punitive damages, the same issue is raised in another part of this defendant's answer, and it is, therefore, unnecessary.

This disposes of the questions raised on plaintiff's motion and an order may be presented in accordance with the conclusions above reached. No costs will be allowed.