142 N.J. Super. 80 (1976)
360 A.2d 413
ALAN L. KRUMHOLZ, PLAINTIFF-APPELLANT,
v.
TRW, INC., A CORPORATION AUTHORIZED TO DO BUSINESS IN NEW JERSEY, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued April 5, 1976.
Decided May 13, 1976.
*82 Before Judges ALLCORN, KOLE and ARD.
Mr. Alan L. Krumholz, appellant, argued the cause pro se. (Messrs. Pearlman, Krumholz, Horn & Schechtman, attorneys).
Mr. Walter J. Hudzin argued the cause for respondent (Messrs. Waters, McPherson & Hudzin, attorneys).
The opinion of the court was delivered by KOLE, J.A.D.
At the end of the entire case the trial judge granted a judgment of involuntary dismissal of plaintiff's claim against defendant, a credit reporting agency, for *83 damages allegedly resulting from admittedly false reports of two judgments against him. It also later entered an order denying plaintiff's motion for a new trial. Its reasons are set forth in its oral determination at the end of the trial, its written supplementary letter opinion of February 21, 1975 and its letter opinion of April 18, 1975. Plaintiff appeals.
Assuming, without deciding, that the Fair Credit Reporting Act (FCRA), 15 U.S.C.A. § 1681 et seq., alone applies to the Gulf credit card transaction and that the trial judge properly held that, as a matter of law, plaintiff produced "evidence of negligent non-compliance within 15 U.S.C.A., § 1681e(b),"[1] we have concluded that plaintiff failed to sustain his burden of proving actual damages as to that transaction. And this is so whether the term "actual damages," as used in that statute, is to be defined by federal or state law. See Ackerly v. Credit Bureau of Sheridan, 385 F. Supp. 658 (D.C. Wyo. 1974); Bock v. Plainfield Courier-News, 45 N.J. Super. 302, 311-312 (App. Div. 1957).
With respect to the Gulf credit card matter there is no proof, as the trial judge found, of any inconvenience or loss of any benefit of bargain or any other damage by reason of plaintiff's failure to obtain the card. Additionally, there is no evidence, as to that transaction, of injury to plaintiff's reputation or feelings or other injuries for which compensatory damages may be awarded even in a libel action in this State. See also, Time, Inc. v. Firestone, 424 U.S. 448, 96 S.Ct. 958, 47 L.Ed.2d 154 (1976); Gertz v. Robert Welch, Inc., 418 U.S. 323, 94 S.Ct. 2997, 41 L.Ed.2d 789 (1974); Barbetta Agency, Inc. v. Evening News Pub. Co., 135 N.J. Super. 214 (App. Div. 1975); *84 Annotation, "Construction and application of Fair Credit Reporting Act," 17 A.L.R. Fed. 675.
Hence, as to the Gulf transaction, the trial judge properly dismissed, as a matter of law, the claim for relief to the extent that it was grounded on the FCRA; and we need not determine whether, and the extent to which, that statute was intended to preempt the defamation law established by the courts of this State concerning the liability of a consumer credit reporting agency. For the effect on plaintiff of that erroneous credit report was minimal, and what we hold hereafter as to the bank mortgage transaction will give plaintiff the full measure of relief to which he is entitled under the law. As to preemption of State by federal law, see De Canas v. Bica, 424 U.S. 351, 96 S.Ct. 933, 47 L.Ed.2d 43 (1976); Davenport v. Terry, 134 N.J. Super. 88, 96-97 (App. Div. 1975); Yellow Cab Co. v. State, 126 N.J. Super. 81 (App. Div. 1973), certif. den. 64 N.J. 498 (1974).
The trial judge correctly held that the bank mortgage loan transaction, relating to the purchase of an office building and involving a credit report delivered in response to a request based on plaintiff's application for business credit, was not governed by the FCRA. Wrigley v. Dun & Bradstreet, Inc., 375 F. Supp. 969 (N.D. Ga.), aff'd 500 F.2d 1183 (5 Cir.1974); Sizemore v. Bambi Leasing Corp., 360 F. Supp. 252 (N.D. Ga. 1973); Fernandez v. Retail Credit Co., 349 F. Supp. 652 (E.D. La. 1973).
Accordingly, the defamation law established by the courts of this State is applicable to the claim for relief based on the false reports of the two judgments given by defendant to the bank on or about March 16, 1973.
A credit reporting agency in this State has a qualified or conditional privilege to publish false information as to the credit of any person at the request of one of its subscribers, provided that the information was given under an honest belief in its truth and without express or actual malice. Van Horn v. Van Horn, 56 N.J.L. 318 (E. & *85 A. 1893); King v. Patterson, 49 N.J.L. 417 (E. & A. 1887); Fahr v. Hayes, 50 N.J.L. 275 (Sup. Ct. 1888). See also, Coleman v. Newark Morning Ledger, 29 N.J. 357 (1959); Barbetta Agency, Inc. v. Evening News Pub. Co., supra; Cashen v. Spann, 125 N.J. Super. 386, 404-407 (App. Div. 1973), mod. on other grounds 66 N.J. 541 (1975), cert. den. 423 U.S. 829, 96 S.Ct. 48, 46 L.Ed.2d 46 (1975); Neigel v. Seaboard Finance Co., 68 N.J. Super. 542 (App. Div. 1961); Sokolay v. Edlin, 65 N.J. Super. 112 (App. Div. 1961).
We agree with the trial judge that plaintiff failed to prove express malice on the part of defendant in publishing the reports to the bank (and Gulf) "in the sense of spite, ill will or vindictiveness or * * * a reckless disregard or a conscious indifference to" plaintiff's rights, and that, therefore, it was proper to withdraw that question from the jury. We have also concluded that, as a matter of law, the reports by defendant to the bank (and Gulf) were not made with full knowledge of its untruthfulness. See Van Horn v. Van Horn, supra; Cashen v. Spann, supra; Sokolay v. Edlin, supra, 65 N.J. Super. at 125-128; Murphy v. Johns-Manville Products Corp., 45 N.J. Super. 478, 494-496 (App. Div. 1957), certif. den. 25 N.J. 55 (1957); Fahr v. Hayes, supra.
However, the judge erred in not submitting to the jury a disputed issue of material fact  whether there was a bona fide honest belief by defendant in the truth of the judgment against plaintiff of $2,082.61 (hereafter "the $2,000 judgment"), even though New Jersey Lawyers Service (NJLS) reported it to defendant as a judgment against MPF Builders, Inc., with plaintiff listed as "r/a," or registered agent. Under the proofs here, plaintiff was entitled to have the jury pass on the question of the "grounds and strength" of defendant's belief that the judgment was in fact against plaintiff. That determination involves the issue of whether, under the evidence, defendant had no reasonable grounds for believing the matter to be true. See *86 Coleman v. Newark Morning Ledger Co., supra, 29 N.J. at 376; Cashen v. Spann, supra; Sokolay v. Edlin, supra; Restatement, Torts 2d, Tentative Draft No. 20, § 600, Comment on clause (b) and note thereto.
The jury should be instructed that there must be reasonable grounds or probable cause for such belief by defendant and that an honest belief in good faith in the truth of the information given may not be found if that belief is unreasonable under the circumstances. In the latter event the qualified privilege otherwise afforded defendant is overcome and is no longer available to it.
The erroneous reports of the $2,000 judgment and the $158 judgment of St. Mary Hospital were received by defendant from NJLS in August 1967 and January 1969, respectively. They were received pursuant to an arrangement between NJLS and defendant.
On or about October 5, 1972 NJLS wrote defendant a letter relating to defendant's erroneous reporting of judgments against attorneys who were only registered agents of the judgment debtor corporations. The trial judge's deletion of part of that letter was erroneous. The entire document should have been admitted in evidence.
Briefly, the letter informed defendant that (1) three attorneys had complained about defendant's reporting such judgments as being against them personally; (2) NJLS had correctly reported that the judgments were against corporations and not against the registered agents personally; (3) defendant erroneously filed these reports as judgments against the attorneys, and (4) "[as] a matter of policy * * * you could very safely clear your files immediately whenever any attorney tells you that he * * * has been experiencing credit problems because of information in your file."
The trial judge determined that defendant was "certainly negligent in its initial input of data into its files. There was, however, an ongoing process to correct that data which *87 erroneously listed judgments against registered agents of corporations. In light of what defendant knew at the time of publication of the defamatory material it cannot be said that it had no reasonable grounds to believe its truth * * *."
In our view defendant's error in disregarding the registered agent designation when it received and made its "initial input" of the report of the $2,000 judgment, however it is characterized, is not pertinent to the issue of its good faith belief in the truth of that statement. What is significant, however, is that reasonable minds could differ as to whether, in the light of the written notice defendant received from NJLS in October 1972, the ongoing process described by defendant to correct the judgments against attorneys who were actually registered agents was such as to show that defendant's honest belief in the truth of the $2,000 judgment continued to be predicated on reasonable grounds when it published the false information to the bank in March 1973, some five months later.
We need go no further in this case than to hold that, under evidence tending to disclose the probable inaccuracy of the $2,000 judgment when it was published to the bank, a "reasonable grounds" inquiry by the jury was required to determine defendant's honest belief in its correctness.
We are satisfied, from the proofs in this case, that, except as we have indicated, no jury question was presented as to the existence of defendant's honest belief in the accuracy of both the St. Mary Hospital and the $2,000 judgments. There was no evidence, or reasonable inference therefrom, that defendant could not rely reasonably on the accuracy of the information supplied it by NJLS or its understanding that NJLS would keep the judgments reported up to date. On the present record defendant's honest belief in the accuracy of the reports of the judgments and its good faith were in no wise impugned by its failure to investigate, through use of other sources, their veracity from the respective dates they were received  August 1967 (St. Mary judgment) *88 and January 1969 (the $2,000 judgment). Nor was such honest belief or good faith negated by defendant's failure fully to "retract" the false information precisely in accordance with plaintiff's request. The method of correcting the report to plaintiff and to the creditors involved was legally sufficient under the circumstances here involved. Compare Sokolay v. Edlin, supra, 65 N.J. Super. at 126; FCRA, 15 U.S.C.A. § 1681i.
With respect to the question of the existence of reasonable grounds for defendant's honest belief in the truth of the report as to the $2,000 judgment when it was published, evidence of defendant's conduct after it was notified in March 1973 by plaintiff of the errors in both judgments, as well as defendant's relationship and course of conduct with NJLS both prior to and after NJLS reported such judgments, would be relevant. But those proofs would be admissible only for the limited purpose of shedding light on whether such belief was reasonable at the time of publication of the $2,000 judgment.
The standard of reasonable grounds for an honest belief in the truth of a false credit report to sustain the qualified privilege of the defendant credit reporting agency has been adopted here by reason of the somewhat unusual facts of this case. But we find no basis in the opinions of our highest appellate courts for precluding the establishment of that standard generally with respect to the qualified privilege afforded such agencies or anyone who reports on another's credit worthiness. We recognize the desirable public and business need for credit reporting services. But credit reports are prevalently used in the economy by persons having confidence in their accuracy, and computerization of information received by credit reporting agencies appears to have enhanced the room for error. As a result, a false report may have a substantial and irreparable adverse impact on the subject thereof.
Accordingly, this opinion should serve as notice to those involved in credit reporting that, in order to be protected by *89 the qualified privilege, their honest good faith belief in the truth of the report must be predicated on reasonable grounds, and in making that determination consideration will be given to whether the information reported has been obtained from reliable sources and the investigation and evaluation of such information were reasonable under the circumstances. The application of this standard will depend upon the facts of each case and its more precsie contours will have to be developed on a case to case basis. Cf. King v. Patterson, supra, 49 N.J.L. at 431. See Coleman v. Newark Morning Ledger Co. and Sokolay v. Edlin, supra. See also, Bartels v. Retail Credit Co., 185 Neb. 394, 175 N.W.2d 292, 40 A.L.R.3d 1039, 1046-1047 (Sup. Ct. 1970); Grove v. Dun & Bradstreet, Inc., 438 F.2d 433 (3 Cir.1971), cert. den. 404 U.S. 898, 92 S.Ct. 204, 30 L.Ed.2d 175 (1971); Altoona Clay Products Inc. v. Dun & Bradstreet, Inc., 367 F.2d 625 (3 Cir.1966), cert. den. 404 U.S. 898, 92 S.Ct. 204, 30 L.Ed.2d 175 (1971); Restatement, Torts, § 595, comment g; Restatement, Torts 2d, Tentative Draft No. 20, § 595, comment g; Annotation, "False credit reports  sufficiency of proof," 40 A.L.R.3d 1049; Annotation, "Libel and slander; report of mercantile agency as privileged," 30 A.L.R.2d 776.
Since there is no proof of express malice, if liability is found by the jury on the remand, only compensatory damages may be awarded plaintiff. These include general damages, such as injury to plaintiff's reputation and feelings, as well as special damages, such as expenses or loss of business or other specific economic benefits. Neigel v. Seaboard Finance Co., supra; Bock v. Plainfield Courier-News, 45 N.J. Super. 302 (App. Div. 1957). Compare Time, Inc. v. Firestone, Grove v. Dun & Bradstreet, Inc. and Altoona Clay Products, Inc. v. Dun & Bradstreet, Inc., all supra.
Reversed and remanded for a new trial in accordance with this opinion.
NOTES
[1] This section requires a consumer reporting agency to "follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates."