BIERBACH *v.* GOODYEAR RUBBER COMPANY.

*(Circuit Court, E. D. Wisconsin.* October Term, 1882.)

1. NEGLIGENCE—PERSONAL INJURIES—COLLISION ON HIGHWAY.

Where teams have a right in the ordinary course of business to follow each other, turn about, pass and repass, that degree of care and caution must be exercised by parties using such highway, when in proximity to each other, to avoid doing each other injury, which would reasonably be expected of an ordinarily-prudent person in the surrounding circumstances.

2. SAME—CONTRIBUTORY NEGLIGENCE.

   Negligence is not to be imputed to a driver of a team from the mere fact of a collision; it is a fact to be proved as any other fact in the case; and, even where defendant was guilty of negligence, yet if there was a want of ordinary care on the part of the plaintiff, which as a proximate cause concurred with defendant's negligence in causing the accident, plaintiff cannot recover in an action for damages for personal injuries caused by a collision between vehicles on a highway.

3. SAME—CHOICE OF MEANS TO AVOID COLLISION.

   Where a person exercising ordinary prudence and skill as driver of a vehicle up to the moment when danger of collision was imminent, and in the presence of such danger is compelled to choose what course of action he should take to avoid the danger, and did so in good faith, the mere fact that the result afterwards may show that his choice of a way to avoid the collision was not the best course, cannot be imputed to him as negligence.

4. SAME—MEASURE OF DAMAGES.

   In an action for damages for personal injuries caused by a collision on a highway, where negligence only is imputed to the defendant's driver, and it is not claimed that the collision was caused by any intentional, malicious, or willful act, exemplary damages cannot be allowed. The damages which plaintiff may recover are such as will compensate him for the loss and injury sustained.

5. SAME—PROSPECTIVE DAMAGES.

   Where plaintiff is entitled to damages for injuries sustained from the collision, he may recover prospective compensatory damages, or such as it is proved will directly result in the future from the injury complained of, in addition to past and present damages.

*R. N. Austin* and *Geo. B. Goodwin,* for plaintiff.

*E. P. Smith* and *Jas. G. Jenkins,* for defendant.

DYER, D. J., *(charging jury.)* The plaintiff in this action claims that in July, 1880, while he was riding in a wagon which was being drawn by a horse driven by his servant on one of the streets of this city, an employe of the defendant so carelessly and negligently drove a horse which was drawing a wagon belonging to the defendant that the two vehicles came in collision; that the plaintiff's wagon was overturned, and that he was thrown violently to the ground and seriously injured; and this action is brought to recover damages for the injuries claimed to have been thus received.

The undisputed testimony shows that the plaintiff, in company with his servant, left his place of business on Second street and drove to Grand avenue; that they turned east on Grand avenue and proceeded on their way until they reached a point about midway in the block, and near the Plankinton House, where they attempted to turn about and return to the plaintiff's place of business. It appears that the defendant's horse and wagon were in their rear, and were also going east on the same street, and that as the plaintiff's horse and wagon were turning about, the collision occurred. These are general

facts not questioned, but concerning the precise positions of the two vehicles just before and at the time of the collision, and as to the manner in which the horses of the respective parties were driven and managed, and as to other circumstances bearing upon the occurrence, there is conflict in the testimony.

The ground upon which the contention of the plaintiff necessarily proceeds is that the collision was occasioned by the negligence of the defendant's driver. As he was the defendant's agent, of course any negligence on his part was the defendant's negligence. So, too, the plaintiff was chargeable with any negligence on the part of his driver in the management of his horse and vehicle. The collision occurred on a public thoroughfare, where teams have a right, in the course of business, to follow each other, turn about, pass and repass. Upon both of the parties there was devolved the duty of exercising reasonable care to avoid doing each other injury. It was the duty of the defendant's servant to observe with ordinary care and diligence the movements of the vehicle in advance of him, as it was the duty of the plaintiff, in turning his horse and wagon about at that place, to observe with the same kind of care and watchfulness the presence and movements of any vehicle in proximity to his. Ordinary care and caution, as mentioned in these instructions, mean that degree of care and caution which would reasonably be expected of an ordinarily prudent person in the circumstances surrounding the parties at the time of the alleged injury.

It is claimed by the plaintiff that the defendant's servant was guilty of negligence, and that this was the cause of the collision and injury. The burden of proof, therefore, is upon the plaintiff to prove the alleged negligence. Negligence is not to be imputed to the defendant's driver from the mere fact of the collision. The negligence or want of care must be proven, as any other fact in the case, and is not to be presumed.

The first question, then, is, was there negligence on the part of the defendant's servant? that is, was there, on his part, a want of such care and caution as an ordinarily prudent person would exercise in the circumstances which existed immediately preceding and at the time of the collision? And this question of alleged negligence or want of ordinary care must be determined by you in the light of the evidence. If you find that the collision was not occasioned by the fault or negligence of the defendant's driver, that, of course, will be the end of the case, for in that event the defendant will be entitled to your verdict. But if you find that the defendant's driver was negli-

gent, then you will have to go a step further, and inquire whether the plaintiff's driver was or was not guilty of negligence, which proximately contributed to the accident; that is, was there on his part a want of ordinary care, which thus contributed to the injury. For, even though the defendant was guilty of negligence upon the occasion in question, yet if there was a want of ordinary care, however slight, on the part of the plaintiff which, as a proximate cause concurred with the defendant's negligence in causing the accident, the plaintiff cannot recover. And by proximate cause, or negligence which proximately contributed to the accident, is meant negligence occurring at the time of the event—negligence having immediate or present relation to the accident.

Now, gentlemen, the facts of this case you must determine upon the evidence. As I have indicated, the first question for your consideration is, was the defendant guilty of negligence which occasioned the alleged injury?

It is claimed by the plaintiff that the defendant's driver, before a collision was imminent, was inattentive to the movements of the vehicle in advance of him; that he drove on at the speed at which he had been going and made no effort to turn his horse to the right, or towards the curb, until a collision was unavoidable; that there was ample space between the plaintiff's wagon and the right margin of the street to pass, and that no effort to pass was made, until it was too late to do so without bringing the two wagons in contact.

On the part of the defendant it is insisted that the defendant's horse and wagon were proceeding at a moderate rate of speed, from 10 to 15 feet behind the vehicle of the plaintiff; that the plaintiff gave no indications that he intended to turn about, until the speed of the plaintiff's horse was suddenly stopped and the effort to turn was made; that the defendant's driver at once reined his horse to the right so as to pass the plaintiff's wagon; that the collision was occasioned by the management and movements of the plaintiff's horse and wagon; and that the defendant's driver exercised throughout the ordinary care which any reasonably prudent man would have exercised in such circumstances.

It is especially insisted by the defendant's counsel that no negligence is imputable to the defendant on account of anything that occurred prior to the moment when the plaintiff's driver began to turn his horse and wagon about, and that when, in consequence of that act, an emergency arose requiring instant action, the defendant's servant took such measures in the management of his horse, and to avoid the

collision, as his best judgment prompted; and if he then erred in judgment such error is not to be imputed to him as negligence. Upon that point the court instructs you that if it be true that there was no want of ordinary care on the part of the defendant's driver in driving his horse and vehicle up to the moment when the danger of a collision was imminent, and if, in the presence of such danger, the defendant's servant, exercising at the time ordinary prudence and skill, was compelled immediately to choose what course of action he would then take to avoid the danger, and did so in good faith, the mere fact that the result afterwards may have shown that his choice of a way of avoiding the collision was not the best, cannot properly be imputed to him as negligence. In other words, a mere error of judgment in such circumstances would not be negligence. I do not understand this to be disputed on the part of the plaintiff, but it is claimed that the defendant's servant was guilty of negligence in driving his horse, before any emergency arose requiring instant exercise of judgment and action, and that the emergency was brought about or created by such negligence, and hence that the defendant cannot be absolved from liability on the ground of error of judgment on the part of its driver.

Of course, if there was want of ordinary care on the part of the defendant's servant before the danger of a collision was imminent, and at a time when, by the exercise of such care, the collision could have been avoided, and the want of such care created or helped to create the emergency which afterwards arose, then the defendant could not be relieved of responsibility for its servant's original fault by the exercise of his best judgment in endeavoring to escape from the emergency after it was upon him. And you will notice that the proposition previously stated, that an error of judgment would not be imputable as negligence, is based on the assumption that, before danger was imminent, the defendant's servant was guilty of no negligence.

Now, taking up this question of the alleged negligence of the defendant's driver, you will consider it in the light of all the facts elicited by the testimony. If the alleged negligence is not proved, then, as I have said, there can be no recovery. If, on the contrary, you find that the defendant's driver was negligent, you will then proceed to inquire whether there was any want of care on the part of the plaintiff's driver which contributed proximately to the injury.

Upon this branch of the case it is claimed by the defendant that the plaintiff's driver, without giving any previous warning, suddenly

stopped the speed of his horse and began to turn his vehicle about; that the plaintiff and his driver paid no attention to the horse and wagon behind him; that their horse was so negligently controlled as to cause the wagon to back; and it is claimed that if the wagon had not backed the defendant's horse and vehicle would have passed in safety and the collision would have been averted. In these particulars, and perhaps in others, it is insisted that the plaintiff's driver was chargeable with carelessness, and that the collision was occasioned by his want of care.

All this is denied on the part of the plaintiff, who claims that his horse was prudently managed; that he attempted to turn about in a proper manner; that his wagon did not back, but that its movement was steadily forward until struck by the defendant's wagon; and that the collision was caused, not by any contributory negligence of the plaintiff's driver, but by the alleged neglect of the defendant's driver to turn to the right in time to pass in safety.

These are, in brief, the claims of the parties upon this question. The circumstances of the collision have been laid before you. The evidence has been fully discussed, and it is left to you to determine what are the facts touching this question of the alleged contributory negligence of the plaintiff in connection with the collision.

If you find the plaintiff entitled to recover, you will then proceed to determine the amount of his recovery, within such limitations as the court will now state to you. The case is one in which the plaintiff can recover, if at all, only such damages as are purely compensatory. It is not claimed that the collision was caused by any intentional or malicious or willful act of the defendant's servant. Negligence only is imputed to him, and therefore exemplary damages—that is, damages by way of punishment—cannot be allowed.

The damages which the plaintiff may recover, if entitled to recover at all, are such as will compensate him for the loss and injury sustained. "The rule is that where one is injured by another under such circumstances that the injuring party is liable for damages, he should pay such an amount as will compensate for pain and suffering, expense of physicians and medicines, loss of time and business, when engaged in business, also injury to him physically and mentally affecting his capacity to labor or to carry on his business; and, in considering these, the jury have the right to include not only past losses, but to allow for continuing losses, where the evidence satisfies them that the injuries will continue" or are permanent. 11 FED. REP. 568. In other words, if the plaintiff is entitled to recover, and if he sus-

tained injuries, resulting solely from the collision, which the evidence clearly satisfies you are permanent, then he may recover prospective compensatory damages, that is, such damages as it is proved will directly result in the future from the injury complained of, in addition to past and present damages.

Upon the question of the extent and character of the injury alleged to have been sustained by the plaintiff in the wagon accident, much testimony has been given on both sides. It is in proof that in January, 1876, he was accidently wounded by a pistol shot, and it is claimed by the defendant that the injury the plaintiff then sustained is the real cause of the physicial weaknesses, suffering, and disabilities of which he now complains; and that his past and present condition is attributable to that injury and not to the wagon accident. On the other hand, it is insisted that the plaintiff wholly recovered from the pistol-shot wound before the alleged wagon injury, and that the disabilities from which, it is claimed, he has suffered since July, 1880, were caused by and are traceable to the fall from the wagon. In considering this question in connection with the subject of damages, if you find the plaintiff entitled to recover, you will carefully weigh and consider all the testimony bearing upon it. If your conclusion shall be that the plaintiff should recover, you will bear in mind that the extent of his recovery, in form of damages, should be limited strictly to compensation for injuries and losses occasioned by the wagon accident alone. If any of the injuries detailed by the plaintiff existed at the date of and prior to the accident, he cannot in this action recover for such prior injuries; but if those injuries and their effects are shown by the evidence to have been aggravated by his fall from the wagon, damages for the aggravation thereof may be allowed. Your good sense must naturally lead you to the conclusion that the defendant cannot be called on to compensate the plaintiff for injuries and disabilities produced by causes for which the defendant is not responsible. It can only be made accountable for such injuries, if any, as the evidence shows were caused by the alleged negligent acts of the defendant; which, of course, would include the aggravation of any former injuries.

Counsel for the plaintiff have asked the court to give you certain instructions upon this question of damages, which are probably covered by what the court has already said to you. But lest they are not, I will add that such compensatory damages, within the limits before stated, as were the direct and proximate result of the alleged wagon injury, may be allowed, if the plaintiff is entitled to recover.

And if you should find, as facts in the case, that at the time of the wagon accident the plaintiff had not fully recovered from a previous injury, and that his complete recovery therefrom was retarded or prevented by his fall from the wagon, or that as the result of a previous injury he had chronic or latent inflammation, which, in the course of nature, would have developed slowly, and that as the direct result of the wagon accident the disease was developed sooner and in a more acute form than it would otherwise have done, such facts may be taken into consideration by you as elements of damage, if you find the plaintiff entitled to recover.

So, gentlemen, if your conclusion shall be that the plaintiff is entitled to a verdict, you will take up this question of damages, and, in the light of all the evidence, determine what amount, within the rules and limitations I have stated, the plaintiff is fairly and reasonably entitled to recover as compensation for any injuries occasioned by the alleged negligence of the defendant at the time of the occurrence in question.    \*    \*    \*

Verdict for plaintiff for $4,500.