IN THE

# SUPREME COURT OF JUDICATURE

OF THE

## STATE OF NEW JERSEY.

### FEBRUARY TERM, 1919.

ELIZABETH DREIMULLER, PLAINTIFF, v. FRANK ROGOW
ET AL., DEFENDANTS.

Submitted December 5, 1918—Decided June 17, 1919.

1. Where an unlawful taking and detention by the defendant is the
result of malice, or wantonness, the plaintiff may, in an action
of replevin, as in other tort actions, recover exemplary damages.
2. The right to award exemplary damages primarily rests upon the
single ground—wrongful motive; and when the personal intent
to injure is shown, the penalty may be inflicted. The power
to inflict punishment is not dependent upon the form of the ac-
tion by which the injured party seeks redress for the wrong done
him by the malicious or wanton trespass committed against his
property.

On defendant's rule to show cause.

Before GUMMERE, CHIEF JUSTICE, and Justices SWAYZE
and TRENCHARD.

For the rule, *Gross & Gross.*

*Contra, Alexander J. Higgins.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. This was an action of replevin brought to recover certain personal property of which the plaintiff claimed to be the owner, and which was in the possession of the defendant. The writ having been served the defendant gave bond and retained possession of the property. The trial resulted in a verdict for the plaintiff for the sum of $2,500.

The first contention on the part of the defendant is that the finding of the jury that the plaintiff was the owner of the chattels involved in the litigation is against the weight of the evidence. Our examination of the proofs sent up with the rule leads us to the conclusion that this contention is without merit. On the contrary, we think the proofs fully supported that finding.

It is further claimed that the jury was not justified in finding that the defendant surreptitiously took the goods from the possession of the plaintiff, and without her knowledge or consent. It is not denied that the defendant did remove the goods from the storehouse of the plaintiff, but it is said that the proofs show that in doing so he was acting under the authority of the plaintiff herself, and for the purpose of bringing about a sale of them for his and her joint benefit. Under the evidence the question whether the goods were taken by the defendant with the plaintiff's consent, or against her will, was clearly for the jury, and their finding upon that question is not contrary to the proofs in the case.

Lastly, it is insisted that the verdict is excessive; and the argument is that the plaintiff's recovery should have been limited to the value of the goods taken, and the damages sustained by her by reason of their detention. If it be true that the extent of the defendant's liability was as is stated by counsel, the verdict should be set aside, because it largely exceeds such value and damages. But the court charged the

jury that if the defendant was actuated by malice in wrongfully taking the goods from the possession of the plaintiff, and that his purpose was to oppress her, they might, in addition to compensation, award punitive damages; and that they did this the amount of the verdict demonstrates. The defendant contends that this instruction to the jury, and their action thereunder, were without legal justification, for the reason that in an action to recover specific property, or its value, and damages for its detention, an award of punitive damages is not permissible. He does not claim that there was an absence of those conditions which ordinarily will justify an award of damages by way of punishment, but rests himself solely upon the assertion that damages of this nature cannot be awarded in a replevin suit. No authority is cited in support of this proposition, and it runs counter to the rule prevailing in other jurisdictions, which is that where the unlawful taking and detention by the defendant is the result of malice, or wantonness, the plaintiff may, in an action of replevin, as in other tort actions, recover exemplary damages. 24 *Am. & Eng. Encycl. L.* (*2d ed.*) 515, and cases cited; 34 *Cyc.* 1567, and notes. The question has not heretofore received consideration by this court, but we think that on principle the rule above recited is the correct one, and should be followed by us. The right to award exemplary damages primarily rests upon the single ground—wrongful motive; and when the personal intent to injure is shown, the penalty may be inflicted, *Haines* v. *Schultz,* 50 *N. J. L.* 481. And this is true with relation to all trespasses committed against the property of another, which involves malice or a wanton and reckless disregard of the rights of the person against whom the tortious act is committed. *Trainer* v. *Wolff,* 58 *Id.* 381. The purpose of the award being to punish the wrongdoer, no reason is perceived for holding that the power to inflict punishment is dependent to any extent upon the form of the action by which the injured party seeks redress for the wrong done him by the malicious or wanton trespass committed against his property.

The result is that the verdict cannot be set aside as excessive; and the rule to show cause must be discharged.