## HUDSON et al. v. LOUISVILLE & N. R. CO.

Circuit Court of Appeals, Fifth Circuit.
February 4, 1929.

No. 5382.

E. J. Ford, of Pascagoula, Miss. (Ford, White, Graham & Gautier, of Pascagoula, Miss., on the brief), for appellants.

Harry H. Smith, of Mobile, Ala. (Gregory L. Smith, Wm. J. Young, and S. M. Johnston, all of Mobile, Ala., on the brief), for appellee.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

[1] Pipp v. Reynolds, 20 Mich. 88; Turner v. McCarty, 22 Mich. 265; Hicks v. McGarry, 38 Mich. 667; Knights of the Modern Maccabees v. Sharp, 163 Mich. 449, 128 N. W. 786, 33 L. R. A. (N. S.) 780; Edwards v. Thoman, 187 Mich. 361, 153 N. W. 806; In re Bush, 199 Mich. 192, 165 N. W. 820; Board of Commerce, etc., v. Security Trust Co. (6 C. C. A.) 225 F. 454.

BRYAN, Circuit Judge. This is an action to recover damages for the death of Mrs. K. M. Henriksen, who was fatally injured by a railroad train at a public street crossing in Pascagoula, Miss. The declaration contained a count for punitive damages on the ground that the train was being run in a grossly negligent and reckless manner, in that its speed exceeded that permitted by law. One of the grounds of defense was that the injury was proximately caused by the contributory negligence of the deceased. It is provided by statute in Mississippi that a railroad company shall be liable for any damage or injury while it is running at a greater rate of speed than 6 miles an hour through any city or town. Hemingway's Code Miss. § 7894. There was evidence to the effect that at the time and place of injury the train was running at a rate exceeding 15 miles an hour. It was shown by undisputed evidence that the deceased saw the train and was struck by it while she was attempting to pass immediately in front of it. The trial court charged the jury that they could not award punitive damages, and that the deceased was guilty of contributory negligence, which made it their duty to reduce the damages in the proportion that her negligence contributed to the injury. Appellants recovered a verdict for $1,500, which they claim was inadequate, and might have been influenced by the court's charges upon the measure of damages.

The statute above cited makes the running of a train at a rate in excess of 6 miles an hour negligence per se, and provides that the railway company shall be liable for the damage or injury sustained; but it does not impose damages by way of penalty or punishment. Whether punitive damages are recoverable is a question that is unaffected by that statute, and is to be decided under general principles of law, which do not authorize the infliction of punitive damages, except in cases of willful misconduct or reckless indifference to consequences. Milwaukee & St. Paul R. Co. v. Arms, 91 U. S. 489, 23 L. Ed. 374. There was no evidence here upon which to base the claim for other than compensatory damages. Nor was it error for the court to charge that as a matter of law the negligence of the deceased contributed proximately to her injury, in view of the undisputed evidence. Stevens v. Yazoo & M. V. R. Co., 81 Miss. 195, 207, 32 So. 311; Y. & M. V. R. Co. v. Williams, 114 Miss. 236, 243, 74 So. 835; Gulf, etc., R. Co. v. Adkinson, 117 Miss. 118, 77 So. 954.

The instruction that the jury should apportion the damages was strictly in accord with the comparative negligence statute. Hemingway's Code, § 516. Appellants also complain of the court's refusal to give several charges requested by them relating to their right to recover; but, as they obtained a verdict, any error committed in such refusal was harmless.

Reversible error is not made to appear by any of the assignments, and the judgment is affirmed.