## WALSH v. SEGALE.
### No. 399.

Circuit Court of Appeals, Second Circuit.
April 30, 1934.

Clayton H. Kinney, of Rutland, Vt., for appellant.

Lawrence, Stafford & O'Brien, of Rutland, Vt., for appellee.

Before MANTON, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

MANTON, Circuit Judge.

Appellee, on the night of July 12, 1933, was driving his car northerly on Strongs avenue at Rutland, Vt., and collided with the rear of the appellant's motorcar which the jury could have found, on the evidence, was without a rear light. There was also evidence on which to base a finding that the car was backed out from the curb into the path of the appellee, without warning or notice of any kind, and without affording the appellee any opportunity of avoiding the collision. The appellee saw the appellant's car when he was about 200 feet away from it; at that time it appeared to be near the curb and apparently parallel with it.

The appellant's evidence, in substance, was that he made no inspection of his taillight just before the accident but had observed earlier in the evening that it was in working order; that he backed his car on the street for a distance of about 150 feet parallel to the curb and at a distance of 4 to 6 feet therefrom, keeping the same line; that he backed to a point about 14 feet south of the driveway, and, while backing, he watched the road by looking through the rear window. He further testified that he did not back his car toward the center of the street; that after he stopped backing he started forward, turning toward his driveway, and had gone only a few feet when he was struck from the rear. He says he saw the appellee at a distance sufficiently far away to avoid a collision.

On this evidence, the court submitted the question of negligence and contributory negligence to the jury. There was a verdict for the appellee, and the appellant appeals.

In submitting the case to the jury, the court defined and submitted the question of exemplary damages as "in addition to his actual damages as in the exercise of your sound judgment and discretion you decide should be allowed the plaintiff to punish the defendant for his willful neglect of duty in the performance of which the public is in-

terested for the safety of travel in the public highways. Such damages are not allowed as matter of legal right and whether you will allow any such damages and what amount are questions entirely for you to decide. 'Wilful neglect of duty' is defined to mean that the person purposely and intentionally disregarded a known duty necessary for the safety of persons travelling in automobiles along the public highways, and he had a conscious and reckless indifference, an entire absence of care, for their safety, notwithstanding he had no intention to injure anybody."

Every legal wrong which entitles the party injured to recover damages permits him to recover compensatory damages for the injury inflicted. Not every legal wrong entitles the party to recover exemplary damages. To recover such damages, the act complained of must not only be unlawful, but it must also partake somewhat of a criminal or wanton nature. Such damages may be recovered where the wrongful act complained of is characterized by willfulness, malice, oppression, brutality, insult, recklessness, gross negligence, or gross fault. It is generally recognized that, in cases of personal torts, "vindictive actions," such as assault and battery, slander, libel, seduction, criminal conversation, malicious arrests, and prosecutions, where the elements of fraud, malice, gross negligence, cruelty, or oppression are involved, punitive or exemplary damages may be recovered. Milwaukee & St. Paul R. R. Co. v. Arms, 91 U. S. 489, 23 L. Ed. 374; Brown v. Evans, 17 F. 912 (C. C. Nev.), 109 U. S. 180, 3 S. Ct. 83, 27 L. Ed. 898; Hudson v. L. & N. R. R. Co. (C. C. A.) 30 F.(2d) 391; Dreimuller v. Rogow, 93 N. J. Law, 1, 107 A. 144. But for an ordinary collision caused by negligence on a highway exemplary damages may not be recovered. There was no proof that the collision was caused by any intentional, malicious, or willful act on appellant's part. Bierbach v. Goodyear Rubber Co. (C. C.) 14 F. 826.

We are unable to say whether or not this erroneous charge influenced the size of the verdict rendered, but it was error to thus charge the jury and permit it to impose such damages when it was neither claimed nor asked for by the appellee. It is an error of which we will take notice, even though not excepted to. There was no evidence whatever of willful neglect or maliciousness which warranted the charge.

Judgment reversed.