BORUP et al.

v.

NATIONAL AIRLINES, Inc.

KARPER

v.

NATIONAL AIRLINES, Inc., et al.

ARONWALD

v.

NATIONAL AIRLINES, Inc., et al.

SMITH

v.

NATIONAL AIRLINES, Inc.

NICHOLS

v.

NATIONAL AIRLINES, Inc., et al.

HEFTER

v.

NATIONAL AIRLINES, Inc., et al.

SMITH

v.

NATIONAL AIRLINES, Inc., et al.

United States District Court
S. D. New York.

Jan. 4, 1954.

See also 14 F.R.D. 78.

Theodore E. Wolcott, New York City, for plaintiffs Delsie Borup, Donald Borup, Arlene Krushenski Borup and Albert C. Borup.

Harry H. Lipsig, New York City, for plaintiff Nathan H. Karper; Kreindler & Kreindler, New York City, counsel to attorney for plaintiff; Lee S. Kreindler, New York City, of counsel.

George M. Aronwald, New York City, for plaintiff George M. Aronwald; Kreindler & Kreindler, New York City, counsel to attorney for plaintiff; Lee S. Kreindler, New York City, of counsel.

476

Samuel M. Ostroff, New York City, for plaintiff Mildred Joanne Smith; Kreindler & Kreindler, New York City, counsel to attorney for plaintiff; Lee S. Kreindler, New York City, of counsel.

Joseph H. Kraus, New York City, for plaintiff Mildred M. Nichols; Kreindler & Kreindler, New York City, counsel to attorney for plaintiff; Lee S. Kreindler, New York City, of counsel.

Duer & Taylor, New York City, for plaintiff Samuel G. Hefter; John S. Chapman, Jr., New York City, of counsel.

Louis N. Field, New York City, for plaintiff Hilda Fredericka Smith.

Bigham, Englar, Jones & Houston, New York City, for defendant National Airlines, Inc.; Paul G. Pennoyer, Jr., New York City, of counsel.

Haight, Deming, Gardner, Poor & Havens, New York City, for defendant Douglas Aircraft Co., Inc.

IRVING R. KAUFMAN, District Judge.

Plaintiffs move to amend their complaints to include, inter alia, allegations of wanton and gross neglect, fault and carelessness on the part of the defendant, National Airlines, Incorporated (hereafter National) and claims for punitive damages. The original complaints alleged only ordinary negligence and claimed compensatory damages. National opposes the motions to amend insofar as they seek to add claims for punitive damages.

These actions arose out of the crash of one of National's airliners near Elizabeth, New Jersey, on February 11, 1952. Numerous victims of the crash, or representatives of those who were killed, have sued for personal injury and property loss.[1] In opposition to the motion of these plaintiffs to amend their complaints, National urges that allegations of gross negligence and claims for punitive damages state a new cause of action, barred by the one-year limitation period for filing accident claims which was part of plaintiffs' contracts of carriage with the defendant airline. This limitation period, National contends, was included in its tariff provisions filed with the Civil Aeronautics Board and incorporated by reference on the airline tickets into the carriage contracts.

Plaintiffs, on the other hand, urge that additional allegations of gross negligence and claims for punitive damages do not state a new cause of action, but relate back to the original complaint, which concededly was filed within the limitation period. In addition, plaintiffs question the validity of the tariff provisions as a limitation on the assertion of even a new cause of action.

■■ Without deciding the merits of these attacks upon the validity of the tariff regulations, I think it clear that the motions for leave to amend should be granted. Under Rule 15(c) of the Federal Rules of Civil Procedure, 28 U.S. C.A., as consistently interpreted and applied by the courts, an amendment is considered to relate back to the original complaint whenever the new claim "arose out of the conduct, transaction, or occurrence set forth * * * in the original pleading * * *." See also 3 Moore's Federal Practice Section 15.15 et seq. Plaintiffs' proposed allegations of gross negligence are aimed squarely at the conduct which was the subject of their original claim. The amendments insert no new cause of action. They do no more than define with greater particularity the alleged negligence of the defendant and claim additional damages.

In Tiller v. Atlantic Coast Line R. Co., 1945, 323 U.S. 574, at page 581, 65 S.Ct. 421, at page 424, 89 L.Ed. 465, Mr. Justice Black stated:

"The cause of action now, as it was in the beginning, is the same—it is a suit to recover damages for the alleged wrongful death of the deceased. 'The effect of the amend-

---

1. Douglas Aircraft Company, Inc., is also a defendant in some of these actions but I shall refer only to the defendant Na-tional in this opinion since punitive damages are sought against National only.

ment here was to facilitate a fair trial of the existing issues between plaintiff and defendant.' Maty v. Grasselli [Chemical] Co., 303 U.S. 197, 201, 58 S.Ct. 507, 509, 82 L.Ed. 745. There is no reason to apply a statute of limitations when, as here, the respondent has had notice from the beginning that petitioner was trying to enforce a claim against it because of the events leading up to the death of the deceased in the respondent's yard."

The prayer for punitive damages merely adds one additional element of damages growing out of the same occurrence. No new cause of action is thereby added.

▮ Defendant, citing Eatley v. Mayer, 154 A. 10, 9 N.J.Misc. 918, affirmed per curiam 1931, 158 A. 411, 10 N.J.Misc. 219, contends that under New Jersey law, which governs the substantive rights of the parties in this diversity suit, the plaintiffs by their amendments seek to add a new cause of action which is barred by their contracts of carriage. While the Eatley case decided only that the complaint in issue sufficiently alleged a "wanton disregard for plaintiff's health" upon which to predicate a right to recover punitive damages, it lends some support to the proposition that a claim for punitive damages is a separate cause of action under New Jersey procedure. But Eatley is thin authority for the assertion that the instant plaintiffs, even if they were suing in New Jersey courts, would be barred from amending their complaint on the theory that it contained a new cause of action for punitive damages. Indeed, Dreimuller v. Rogow, 1919, 93 N.J.L. 1, 107 A. 144, an earlier decision of a higher New Jersey court, indicates the contrary. There, punitive damages were allowed in a replevin action where wrongful motive was shown, the court stating that the right to award exemplary damages depends upon a showing of wrongful motive and is not limited by the form of action by which the injured party seeks redress. In any event, since this is a matter of federal pleading, and not a question of state substantive law, state precedents are not controlling. Michelsen v. Penney, 2 Cir., 1943, 135 F.2d 409, 417.

▮ Defendant further argues that Rule 15(c) of the Federal Rules of Civil Procedure should not be here applied to a contractual limitation on the time within which suit might be brought. No authority, and no argument other than the general statement that application of Rule 15(c) would deprive defendant of its contractual rights, is offered in support of this contention. I find defendant's contention unconvincing. While Rule 15(c) is generally applied "only with reference to the statute of limitations, the concept may also find application in other contexts." 3 Moore, supra, p. 855. Thus, in MacGowan v. Barber, 2 Cir., 1942, 127 F.2d 458, an amendment to a complaint presumably invalid was held to relate back to make service good. And in Fowles v. Commercial Casualty Ins. Co., D.C.E.D.Wash.1945, 59 F.Supp. 693, the court in determining the jurisdictional amount involved considered facts that existed at the time of commencement of the action even though they were asserted by way of amendment. 3 Moore, supra, pp. 855, 856. Especially in the instant case, where the amended complaint relates to the same conduct which is the basis of the original complaint, and which the defendant has known it must defend, I see no reason to restrict the application of Rule 15(c) merely because a contractual limitation, rather than a statutory limitation, is involved. Indeed, I see little distinction.

In view of my ruling that plaintiffs may amend, as requested, it is not intended that this be interpreted as a determination with respect to the validity of the tariff regulations. This is a matter for the trial court.

▮ As to the plaintiff, Mildred M. Nichols, the defendant recognizes that she may sue as administratrix of the estate of Edward John Nichols, deceased, for punitive damages under the Executors and Administrators Act, Section 2A:15-3, of the New Jersey Statutes, N.J.S.A., but questions her capacity to

478

sue in New York since her letters of administration were issued by a Florida court and not by a New York court. Since the effective date of Section 160 of the New York Decedent Estate Law, McK.Unconsol.Laws, c. 13, September 1, 1951, a foreign administratrix may bring an action in New York if she fulfills several conditions within ten days after commencing such action. Decedent Estate Law, § 160. Plaintiff Nichols has indicated a readiness to comply with the requirements of Section 160 if her motion to amend is granted. If she so complies, defendant's objection to her capacity to sue is without merit and defendant in effect agreed to this upon argument.

The motions to amend are granted except that the motion of plaintiff Nichols is granted on condition that she comply with the several conditions specified in Section 160 of the New York Decedent Estate Law.

Settle order.