## CIRCUIT COURT OF ARLINGTON COUNTY

Susan A. Stoessel

v.

Va. Farm Bureau Mutual
Insurance Company et al.

April 15, 1985

Case No. (Law) 25424

by JUDGE PAUL D. BROWN

This case comes upon argument on a Demurrer filed by Virginia Farm Bureau Mutual Insurance Company to plaintiff's Amended Motion for Judgment. The Amended Motion is in two counts. One count is in contract and is not in issue. The other count is demurred to as not setting forth a separate and independent tort claim. See *Kamlar Corporation v. Haley*, 224 Va. 699 (1983). It alleges that one Carolyn A. Lee committed an auto tort against the plaintiff; that Lee was sued; and that Virginia Farm Bureau was notified of the suit. The pleading does not say whether Virginia Farm Mutual actively defended the suit against its insured Lee. It does recite a jury award for the plaintiff against Lee of some $67,000.00. It is alleged that this defendant paid $500.00 as an advance as an account of pain and suffering in 1980 and that it paid some $1,865.00 for property damage to plaintiff's motor vehicle in 1980. It further alleges that the defendant negotiated to settle the case against Lee and that it "did not file or serve a reservation of rights as provided by Virginia Statute in denying coverage to Carolyn A. Lee." It finally alleges that this defendant has refused to pay the judgment and that the refusal was "frivolous, malicious, in bad faith and in wanton and reckless disregard of the plaintiff's right to payment."

It is noted the plaintiff alleges that Virginia Farm Mutual misrepresented the maximum policy limit as $215,000.00 rather than $100,000.00; however, the pleading shows that this was discovered in time so that it has not prejudiced the plaintiff. On this basis she has no cause of action.

What remains is the allegation of a malicious refusal to pay the plaintiff as a third-party beneficiary of judgment defendant Lee's auto liability insurance coverage with Virginia Farm Mutual. Restated what remains is a third-party beneficiary claim arising from insurance contract where there has been no reservation of rights under Code Section 38.1-389.1 where the defendant carrier has further paid property damages in the occurrence and also $500.00 on account of pain and suffering. Nothing describes a separate and independent tort. The defendant has not duty to pay Stoessel's judgment against Lee except on the contract theory in favor of a third-party beneficiary. Assuming the refusal to pay is malicious this does not create a new and independent tort. A malicious refusal to pay the third-party beneficiary is not an independent tort here.

This is distinguishable from the line of cases where a plaintiff alleges his insurance carrier unreasonably refused to settle a claim against the insured within the policy limits and let the insured go to trial and suffer a judgment in excess of coverage. Here the plaintiff suffers no greater damage from a malicious refusal to pay under contract than she would from bankrupt carrier's inability to pay under contract.

The plaintiff has cited *Fellows v. Mauser*, 302 F.Supp. 929 (D. Vt. 1969), a decision of the U.S. District Court for the District of Vermont. The insured party was informed after trial that the insurer was reserving its right to refuse to pay judgment on the ground of its insured's breach of duty to cooperate. The judge found no indication of malice. His citation of *Walsh v. Segale*, 70 F.2d 698 (2d Cir. 1934), is to a general tort punitive damages opinion. I disagree with the inference in the District Judge's opinion that proof of malice would amount to a tort.

The tort must go beyond the mere breach of a duty imposed by contract as a predicate for an award of punitive damages regardless of the motives underlying the breach. *Kamlar, supra.* The Demurrer is sustained.