254 N.J. Super. 686 (1992)
604 A.2d 206
SUSAN SIELSKI, PLAINTIFF,
v.
MICHAEL SIELSKI, DEFENDANT.
Superior Court of New Jersey, Chancery Division Family Part, Hudson County.
January 7, 1992.
*687 Susan Sielski for Plaintiff (Pro Se).
Michael Sielski for Defendant (Pro Se).

OPINION
HEALY, J.S.C.
This matter comes before the Court for a final hearing on the filing of a complaint pursuant to the provisions of the Prevention of Domestic Violence Act of 1990.
The plaintiff and defendant are husband and wife but have been separated, and were living separate and apart at the time of the acts which gave rise to the filing of the domestic violence complaint. There is a prior history of domestic violence between the parties, but the prior complaint was withdrawn by the plaintiff before the final hearing.
*688 The plaintiff testified that on December 25, 1991 at approximately 9 a.m. the defendant entered the plaintiff's apartment, without permission, and notwithstanding the fact that the locks had been changed. The plaintiff was home alone. The defendant proceeded directly to plaintiff's bedroom where plaintiff was in bed. The defendant pulled the plaintiff out of her bed by her hair and punched her about her head. The defendant further brutalized the plaintiff by ripping plaintiff's clothes off and pulling her to the bathroom where he unsuccessfully attempted to push her head in the toilet. Defendant then filled a waste paper basket with water and threw the water in plaintiff's face. After leaving the bathroom the defendant began to torture plaintiff by grabbing her pubic hair and twisting and pulling at that area. Defendant further grabbed a lamp from a table and threw it at a bathroom mirror destroying the lamp. Finally, the defendant pulled the wire out of the phone so that plaintiff could not call the police, and left the house.
All of the above was done while the parties' children waited in defendant's car which was parked outside the apartment. The children were visiting with the defendant from the night before, Christmas Eve.
On December 26, 1991, the plaintiff filed a complaint pursuant to the provisions of the Domestic Violence Act of 1990 and was granted a temporary restraining order pending a final hearing.
The plaintiff testified that on the day before the final hearing, the defendant again entered the apartment of the plaintiff and with a magic marker printed sexual epithets on her bed sheets. The only justification offered by the defendant for his actions was that he overreacted to the plaintiff seeing other men.
The complaint sought an emergency ex parte order and a final order prohibiting future acts of domestic violence, future contact and harassing communications, and other relief as the Court deemed just and equitable. The parties appeared pro se. *689 A full trial was held on all issues. Subsequent to a finding of domestic violence pursuant to N.J.S.A. 2C:25-1, et seq. at the final hearing, the court imposed $1030 of compensatory damages ($1000 for pain and suffering, $30 for property damage) and $5,000 of punitive damages as well as the injunctive relief requested. This opinion is limited to consideration of the propriety of money damages, both compensatory and punitive, under N.J.S.A. 2C:25-1 et seq. in general, and this case in particular.
At section 13b of L. 1991 c. 261, the Prevention of Domestic Violence Act of 1990 sets forth the permissible relief upon a finding of domestic violence. Contained among the allowable relief, the judge may grant
An order requiring the defendant to pay to the victim monetary compensation for losses suffered as a direct result of the act of domestic violence. The order may require the defendant to pay the victim directly, to reimburse the Violent Crimes Compensation Board for any and all compensation paid by the Violent Crime Compensation Board directly to or on behalf of the victim, and may require that the defendant reimburse any parties that may have compensated the victim, as the court may determine. Compensatory losses shall include, but not be limited to, loss of earnings or other support, out-of-pocket losses for injuries sustained, cost of repair or replacement of real or personal property damaged or destroyed or taken, cost of counseling for the victim, moving or other travel expenses, reasonable attorney's fees, court costs, and compensation for pain and suffering. Where appropriate, punitive damages may be awarded in addition to compensatory damages. [L. 1991 c. 261 sec. 13b.]
Since property damage and pain and suffering are expressly included in the Act as compensatory damages and there is no requirement other than proof of damage caused by the defendant, there is no issue as to the propriety of awarding such damages. That is, there is no prerequisite that the case be "appropriate" for compensatory damages as is the case with punitive damages. So long as the damages are the result of the complained of, and found, domestic violence the award of such damages is warranted. In the instant case plaintiff's allegations of the defendant's behavior were admitted by the defendant, and her assessment of the quantum of damages was unrefuted.
*690 Punitive damages have been explicitly available under the Prevention of Domestic Violence Act, N.J.S.A. 2C:25-1 et seq. since its inception, effective April 9, 1982. Nonetheless, there is a complete absence of any reported cases setting forth the standards or necessary prerequisites for awarding punitive damages. Likewise, the legislative histories of N.J.S.A. 2C:25-13 and L. 1991, c. 261 provide little, if any, guidance in determining the appropriateness of imposing punitive damages in a particular domestic violence case brought under the statute. Therefore, it is this court's opinion and conclusion that the court should apply the standard generally employed by the courts of New Jersey in tort actions, when determining whether punitive damages are warranted in a case brought under the Prevention of Domestic Violence Act of 1990.
N.J.S.A. 2C:25-1 et seq. the Prevention of Domestic Violence Act, originally passed into law on January 9, 1982 and to take effect 90 days thence, provided in pertinent part:
An order requiring the defendant to pay to the victim monetary compensation for losses suffered as a direct result of the act of domestic violence. Compensatory losses shall include, but not be limited to, loss of earnings or support, out-of-pocket losses for injuries sustained, moving expenses, reasonable attorney's fees and compensation for pain and suffering. Where appropriate, punitive damages may be awarded in addition to compensatory damages; [N.J.S.A. 2C:25-13(b)(6)]; [emphasis added].
Since then, the act has been occasionally altered and amended, and, most recently, was extensively revised on August 14, 1991 when the original act was repealed, and replaced by the Prevention of Domestic Violence Act of 1990, effective November 12, 1991. In the course of repeal and replacement the subject provision was expanded, permitting reimbursement directly to the Violent Crimes Compensation Board, and increasing the list of compensatory losses. L. 1991, c. 261 sec. 13b.(4). However, the punitive damages statement has remained the same; "[w]here appropriate, punitive damages may be awarded in addition to compensatory damages." L. 1991 c. 261 sec. 13b.(4).
*691 The legislative findings and declarations of both the old (N.J.S.A. 2C:25-14 et. seq.) and new (L. 1991 c. 261) Acts provide, identically, that "[i]t is ... the intent of the Legislature to assure the victims of domestic violence the maximum protection from abuse the law can provide." N.J.S.A. 2C:25-18; L. 1991 c. 261 sec. 2. Otherwise, the legislative history is silent as to the appropriate imposition of punitive damages under the acts. There is also a lack of persuasive authority in other jurisdictions which have adopted domestic violence acts.
Therefore, this court is required to look to the broader general statutory and case law concerning the availability of punitive damages. On this topic there is no lack of authority. The courts of New Jersey have thoroughly discussed the availability of punitive damages in civil tort cases. The following cases and principles are considered persuasive authority by this Court.
Punitive or exemplary damages are discretionary with the Court and are never a matter of right. Endress v. Brookdale Community College, 144 N.J. Super. 109, 144, 364 A.2d 1080 (App.Div. 1976); see also Security Aluminum Window Mfg. Corp. v. Lehman Associates, Inc., 108 N.J. Super. 137, 145, 260 A.2d 248 (App.Div. 1970). "Discretion here means legal discretion in the exercise of which the trial judge must take into account the applicable law and the particular circumstances of the case, to the end that a just result is reached." Endress, 144 N.J. Super. at 144, 364 A.2d 1080 quoting Security, 108 N.J. Super. at 145, 260 A.2d 248. The purpose of punitive damages is to punish a defendant for wrongful, malicious or particularly egregious conduct, "and to deter such conduct in the future." Belinski v. Goodman, 139 N.J. Super. 351, 359, 354 A.2d 92 (App.Div. 1976); see also Nappe v. Anschelewitz, Barr, Ansell & Bonello, 97 N.J. 37, 48, 477 A.2d 1224 (1984). "Exemplary damages are allowed to punish the wrongdoer for a willful act and to vindicate the rights of a party in substitution for personal revenge, thus safeguarding the public peace." Winkler *692 v. Hartford Acc. and Ind. Co., 66 N.J. Super. 22, 29, 168 A.2d 418 (App.Div. 1961). In addition, it has been established that punitive damages may be assessed regardless of whether or not compensatory damages are awarded, Nappe, 97 N.J. at 51, 477 A.2d 1224, and "may effectively supplement the criminal law in punishing the defendant." Morris v. MacNab, 25 N.J. 271, 281, 135 A.2d 657 (1957).
The courts of New Jersey have promulgated a variety of similar standards as prerequisites for imposing punitive damages. In Nappe the court stated that "to warrant a punitive award, the defendant's conduct must have been wantonly reckless or malicious. There must be an intentional wrongdoing in the sense of an `evil-minded act' or an act accompanied by a wanton and willful disregard of the rights of another." Nappe, 97 N.J. at 49, 477 A.2d 1224. In Berg v. Reaction Motors Div., 37 N.J. 396, 181 A.2d 487 (1962), the court found that the prerequisite for punitive damages "may be satisfied upon a showing that there has been a deliberate act or omission with knowledge of a high degree of probability of harm and reckless indifference to consequences." Id. at 414, 181 A.2d 487. The court in Bock v. Plainfield Courier-News, 45 N.J. Super. 302, 132 A.2d 523 (App.Div. 1957) defined the requirement as "not only ill will, or some wrongful motive, implying a willingness or intent to `injure' but also `such a want of feeling as to impute a bad motive." Id. at 312, 132 A.2d 523. Finally, in a law division case it was stated that "something more than the mere commission of an intentional tort" is required. Stern v. Abramson, 150 N.J. Super. 571, 573, 376 A.2d 221 (Law Div. 1977). "The key to the right to punitive damages is the wrongfulness of the intentional act. `The right to award exemplary damages primarily rests upon the single ground-wrongful motive ..." Nappe, 97 N.J. at 49, 477 A.2d 1224 quoting Dreimuller v. Rogow, 93 N.J.L. 1, 3, 107 A. 144 (N.J.Sup. 1919).
In this court's opinion it is difficult to imagine an instance of domestic violence that does not include the requisite *693 element of evil mindedness or bad motive. Moreover, considering the legislative intent of providing maximum protection to victims of domestic violence, by allowing coterminous civil and criminal actions and punitive damages to deter future domestic violence, one is hard-pressed to find a situation where punitive damages are more deserved. This is especially true in the instant case where the defendant lifted the plaintiff out of bed by grasping her hair, punched her about the head and shoulders, attempted to shove the plaintiff's head in the toilet and viciously and sadistically yanked and twisted the plaintiff's pubic hair. The defendant also threw cold water on the plaintiff, violently broke a lamp and cut the telephone connection so that the plaintiff could not summon assistance or protection. The defendant committed these acts without any legal provocation or justification. Therefore, this court finds that the defendant's only conceivable purpose in so behaving was to intentionally and maliciously torture the plaintiff. The defendant's actions satisfy the requirements for the imposition of punitive damages under all the relevant cases. The torture he subjected the defendant to was done with knowledge of, and indifference to the harmful consequences (see Berg v. Reaction Motors, supra), reflected "such a want of feeling as to impute a bad motive, Bock v. Plainfield Courier News, supra, and clearly represent a wrongful intentional act (see Nappe v. Anschelewitz, supra). It cannot be argued that torture such as reported here is not an evil-minded act warranting both the protection of the Prevention of Domestic Violence Act of 1990 and punitive damages. These actions are deserving of significant punitive damages to deter this defendant from repeating such violent behavior.