625 A.2d 589

JANET REEVES, PLAINTIFF–RESPONDENT, v. CARL
J.F. REEVES, DEFENDANT–APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued May 18, 1993—Decided June 7, 1993.

Before Judges ANTELL and DREIER.

*Charles H. Nugent, Jr.* argued the cause for appellant (*Hartman, Marks & Nugent,* attorneys; *Robin G. Marks,* on the brief).

*Jay R. Moore* argued the cause for respondent (*Mann & Moore,* attorneys; *Darrlyn Mann,* of counsel, *Mark Wechsler,* on the brief).

The opinion of the court was delivered by

DREIER, J.A.D.

Defendant husband appeals from the portion of the judge's domestic violence order that awards plaintiff $7,500 punitive damages. There is no question of the domestic violence itself. There is ample basis in the record to support the judge's factual findings that defendant, after spending a morning drinking at his deer club, returned home and beat his wife.

The trial judge's domestic violence order was entirely proper up to the point that he treated the issue of punitive damages. He apparently found that as a matter of law he was required to award punitive damages, citing *Sielski v. Sielski,* 254 *N.J.Super.* 686, 604 *A.*2d 206 (Ch.Div.1992). In *Sielski,* the author noted that the Domestic Violence Act provides for compensatory damages and then states that "[w]here appropriate, punitive damages may be awarded in addition to compensatory damages." *Id.* at 690, 604 *A.*2d 206. He reasoned, therefore, that punitive damages are generally required, since the prerequisites for punitive damages are usually satisfied by the nature of the conduct that gives rise to domestic violence. He correctly stated the common law standards for the awarding of punitive damages, and found them to be implicitly incorporated by reference into the Act. He then stated:

> In this court's opinion it is difficult to imagine an instance of domestic violence that does not include the requisite element of evil mindedness or bad motive. Moreover, considering the legislative intent of providing maximum protection to victims of domestic violence, by allowing coterminous civil and criminal actions and punitive damages to deter future domestic violence, one is hard-pressed to find a situation where punitive damages are more deserved.
>
> [*Id.* at 692–693, 604 *A.*2d 206.]

We do not disagree with the general standards established in *Sielski,* but we cannot read the Act as requiring punitive damages in all cases of domestic violence. There are degrees of domestic violence, as defined in the Act. *N.J.S.A.* 2C:25–19a defines "domestic violence" in terms of thirteen criminal offenses ranging from Homicide, *N.J.S.A.* 2C:11–1 *et seq.,* to Harassment, *N.J.S.A.* 2C:33–4. Thus, such domestic violence can be as great as a

killing, kidnapping or sexual assault, or as little as a harassing threat to shove a spouse.

The problem with the trial judge's analysis in the case before us is that he failed to recognize that the punitive damage provision in the Act is preceded by the phrase "where appropriate." *N.J.S.A.* 2C:25–29b(4). We agree that where monetary damages are awarded, punitive damages can usually be assessed in a case of domestic violence; but the trial judge has the discretion whether or not to assess punitive damages, *i.e.*, to determine whether the case is "appropriate" for the assessment of such damages. This apparently was not recognized by the trial judge, who interpreted the law as set forth in *Sielski* to require punitive damages. He felt that he was "stuck with it," and that he "certainly [had] to make some attempt to make an award."

The award in this case appears appropriate, and the amount awarded appears reasonable; yet we should not make that determination. The trial judge who saw and heard the witnesses should exercise the discretion which he apparently did not realize he had. We therefore remand this matter for reconsideration. We do not retain jurisdiction.