**PHILIP BINGLE, Plaintiff**

v.

**ROBERT C. NEILL, HOST INTERNATIONAL, INC.,
INTERNATIONAL LIQUORS, INC., Defendants**

Civil No. 78-129

District Court of the Virgin Islands

Div. of St. Thomas and St. John

March 18, 1980

DESMOND L. MAYNARD, ESQ., St. Thomas, V.I., *for plaintiff*

FREDERICK G. WATTS, ESQ. (LOUD, WATTS & MURNAN), St. Thomas, V.I., *for defendants*

CHRISTIAN, *Chief Judge*

## MEMORANDUM AND ORDER

This case is before the Court on defendants' motion for partial summary judgment pursuant to Fed. R. Civ. P. 56(b). The motion will be denied in part.

Plaintiff Bingle brought this action against defendants for alleged oral and written defamatory remarks as well as for wrongful discharge. Defendants assert that Bingle submitted insufficient proof to substantiate a defamation claim.

The alleged defamatory statements arose from a work related incident that occurred while plaintiff was in the employ of defendant Host International. On October 7, 1976, Bingle was observed handing a bottle of wine to a customer in an unauthorized manner. According to plaintiff, another Host International employee saw the transaction and accused Bingle of stealing the bottle of wine within hearing distance of other employees.[1] Defendant Neill made a written report of the incident and recorded it on plaintiff's work file. Bingle asserts that the rumor of theft was repeated to non-employees and spread to the general community.[2]

Defendants contend that summary judgment should be entered on the issue of defamation. Specifically they assert there was no defamatory statement, if there was a defamatory statement it was privileged, there was no intentional or negligent fault, and there

---

[1] See Bingle Deposition pp. 80, 85.

[2] Id. at 124, 127–128.

was no unprivileged publication. We will address each assertion separately.[3]

■ Defendants' first assertion is that plaintiff has not shown by competent evidence that the oral defamation took place. Relying on Bingle's deposition, defendants point out that plaintiff has no first hand knowledge of the oral defamation. They further contend that whenever plaintiff in his deposition identifies the alleged defamation it is based on hearsay and thus unacceptable proof in this court. Defendants rely heavily on Fed. R. Civ. P. 56(e) which provides that affidavits must be made on personal knowledge. Both of defendants' assertions are insufficient to overcome plaintiff's allegation of defamatory remarks. Firstly, the alleged defamation is not hearsay. Bingle is not offering the statements for the truth of the matter asserted but rather to show that the statements were made. See Fed. R. Evid. 801(c). Secondly, courts tend to give greater weight to depositions than affidavits since a deponent is subject to cross examination and an affiant is not. See C. WRIGHT & MILLER, Federal Practice and Procedure Section 2723 at 488, Section 2738 at 683 (1973). Thus the question of whether an oral defamation occurred is a contested issue of material fact which cannot be determined at this time.

■ Defendants' second assertion is that the alleged written defamatory statements were only published to privileged persons and therefore not actionable. Bingle alleges that the written statements concerning the work incidents were seen by or provided to the company secretary, the Department of Labor, and potential employers.

Section 595 of the Restatement (Second) of Torts provides:

(1) An occasion makes a publication conditionally privileged if the circumstances induce a correct or reasonable belief that
(a) there is information that affects a sufficiently important interest of the recipient or a third person, and
(b) the recipient is one to whom the publisher is under a legal duty to publish the defamatory matter or is a person to

---

[3] In order to create liability for defamation it is necessary to show:
(a) a false and defamatory statement concerning another;
(b) an unprivileged publication to a third party;
(c) fault amounting at least to negligence on the part of the publisher; and
(d) either actionability of the statement irrespective of special harm or the existence of special harm caused by the publication.
Restatement (Second) of Torts, Section 558.

whom its publication is otherwise within the generally accepted standards of decent conduct.

(2) In determining whether a publication is within generally accepted standards of decent conduct it is an important factor that

(a) the publication is made in response to a request rather than volunteered by the publisher or

(b) a family or other relationship exists between the parties.

All the persons who were given access to the written defamation were conditionally privileged. Defendants were under a legal obligation to provide the disciplinary notices to the government when the Department of Labor requested them. See Restatement (Second) of Torts Section 598. The publication to the company secretary was conditionally privileged because it dealt with a common business and professional interest. See Restatement (Second) of Torts Section 596. Finally, the statements to plaintiff's potential employers were also privileged irrespective of whether plaintiff or the defendants provided the information. Comment (i) to Section 595 provides that a former employer is conditionally privileged to make a defamatory communication about the character of the former employee to a prospective employer if the information is requested and reflects upon the employee's honesty. The statements were requested and did reflect on Bingle's integrity. If we take all the alleged facts and treat them in a light most favorable to the plaintiff we still must hold that the publication of the disciplinary notices to the secretary, the potential employers, and the Department of Labor were conditionally privileged communications and thus cannot be the basis of a defamation action. See Fed. R. Civ. P. 56(d).

■ Defendants' third assertion is that there was no requisite fault. The Restatement (Second) of Torts Section 580B provides in part:

One who publishes a false and defamatory communication concerning a private person, is subject to liability, if, but only if, he

(a) knows that the statement is false and that it defames the other,

(b) acts in reckless disregard of these matters, or

(c) acts negligently in failing to ascertain them.

352

Whether the defendants acted in a negligent manner or in disregard for the truth is a question of fact which can only be determined by the trier of fact. See Paton v. La Prade, 524 F.2d 862, 871 (3d Cir. 1975).

█ Lastly, defendants contend that there was no publication of the oral defamation since the only ones who knew of the alleged theft were Host International employees. See Restatement (Second) of Torts Section 577(1). Again this raises a factual dispute. Bingle contends that the defamatory remarks were repeated at a poker game in a non-privileged setting.[4] Therefore, this is not a proper issue to be determined as a matter of law.

In conclusion, defendants' motion for partial summary judgment will be denied. Questions of material fact have been raised which preclude a determination by the Court at this time. However, pursuant to Fed. R. Civ. P. 56(c) we find that the publication of the written material to the company secretary, the Department of Labor, and the prospective employers was conditionally privileged.

## ORDER

The premises considered and the Court being advised,

IT IS ORDERED that defendants' motion for partial summary judgment be, and the same is hereby, DENIED, except in so far as plaintiff claims that publication of the written statements to the company secretary, the Department of Labor, and the prospective employers constitutes defamation, as to which publications, the motion for partial summary judgment is hereby GRANTED.

---

[4] See Bingle Deposition p. 127.