## DARLEEN VAN HOVE, Plaintiff

v.

## ROCK RESORTS, INC., d/b/a CANEEL BAY PLANTATION, Defendant

Civil No. 80-443

District Court of the Virgin Islands

Div. of St. Thomas and St. John

April 6, 1983

ALEXANDER A. FARRELLY, ESQ., BERNARD M. VAN SLUYTMAN, ESQ. (BIRCH, DEJONGH AND FARRELLY), St. Thomas, V.I., *for plaintiff*

R. ERIC MOORE, ESQ., Christiansted, St. Croix, V.I., *for defendant*

CHRISTIAN, *Chief Judge*

## MEMORANDUM AND ORDER

Defendant Rock Resorts, Inc., has moved, pursuant to Rule 56, for summary judgment in this action for defamation. At issue is whether certain defamatory communications made by an employer concerning a discharged employee may be deemed conditionally privileged and if so, whether the defendant is entitled to summary judgment. On the basis of the submitted deposition, affidavit, and exhibits, and for the reasons which follow, the motion will be granted in part and denied in part.

The record in this case establishes that on or about December 23, 1978, plaintiff was fired from her position at the Caneel Bay Plantation Hotel by Werner Graef, then the general manager of the hotel. The basis of her dismissal was said to be theft of hotel property. The reasons for that dismissal were communicated on various occasions by certain managerial personnel at the hotel, acting within the scope of their employment, to several third parties. Those communications have given rise to the present lawsuit.

While defendant denies that the challenged statements were false, it does not deny that the statements were made or that they were disseminated to third parties. Instead it argues that each of the occasions on which a statement was made gave rise to one of the conditional privileges set forth in the Restatement (Second) of Torts (1977).

### I.

■■ The notion of a conditional privilege to communicate otherwise defamatory statements is intended, as the Restatement comments state:

> [to] afford a protection based upon a public policy that recognizes that true information be given whenever it is reasonably necessary for the protection of one's own interests, the interests of third persons or certain interests of the public.

Id., "Conditional Privileges" at 258. Even though it is established that the challenged statement was made in a proper attempt to "advance the interest in question," id., liability may nevertheless at-

163

tach if it can be shown that the privilege was abused. Restatement, § 599. Such abuse of the privilege can be established in any one of the following ways: (a) that the statements at issue are false and also that defendant knew them to be false, id. § 600(a); or (b) that the defendant acted with reckless disregard as to the truth or falsity of the statements, id. § 600(b); or (c) that the statements were not in fact made for "the purpose of protecting the interest for the protection of which the privilege is given." Id. § 603. In order to isolate the particular "interest" which is claimed to have created the conditional privilege in the present case and also to determine whether defendant abused the privilege, emphasis should be placed on each of the categories of individuals who received the statements.

(1) *Government Officials*

■ It is undisputed that Herbert Brown, acting within the scope of his employment with the defendant, informed the Virgin Islands Unemployment Insurance Service in writing of the reasons for which plaintiff had been dismissed. As this communication was made upon request of the Service during the course of an authorized investigation into plaintiff's claim for unemployment insurance benefits, it is, as a matter of law conditionally privileged. Section 598 of the Restatement provides in pertinent part as follows:

> An occasion makes a publication conditionally privileged if the circumstances induce a correct or reasonable belief that . . . the public interest requires the communication of the defamatory matter to a public officer . . . who is authorized . . . to take action if the defamatory matter is true.

Where an employer is "under a legal obligation" to provide employment information to a government agency, this Court has held that any information provided in fulfillment of such obligation is subject to the conditional privilege. Bingle v. Neill, 17 V.I. 349, 352 (D.V.I. 1980). See also Restatement § 595(1)(b).

■ A separate statement relating to plaintiff's dismissal was admittedly made by Mr. Graef to an official of the Virgin Islands Department of Labor. Because it is undisputed that this statement was also given in the course of an official inquiry into the circumstances of Mrs. Van Hove's dismissal, it was plainly privileged under the terms of Restatement § 598 as well as Bingle v. Neill, supra.

(2) *Prospective Employers*

■ A second series of statements at issue were made by Mr. Graef in response to two separate inquiries by prospective employ-

ers to whom Mrs. Van Hove had applied for employment following her dismissal by defendant. As with statements to government officials, an inquiry by a prospective employer to a former employer regarding a job applicant's previous record or "the honesty and efficiency of the servant's work" gives rise to a common law privilege. See, Restatement § 595, comment i and Bingle v. Neill, supra.

(3) *Employees of Defendant*

To the extent that plaintiff seeks recovery for statements made to officers or employees of her former employer, she is faced with yet another recognized common law privilege, namely the protection for communications made between personnel of a common business enterprise. Restatement § 596 provides as follows:

> An occasion makes a publication conditionally privileged if the circumstances lead any one of several persons having a common interest in a particular subject matter correctly or reasonably to believe that there is information that another sharing the common interest is entitled to know.

■ In Bingle v. Neill, we held that a similar accusation of theft made by an employer to a company secretary was conditionally privileged "because it dealt with a common business and professional interest." Id. at 352. In the case at bar, there is no dispute that Mr. Graef could have "reasonably" believed that the supervisory personnel to whom he spoke were "entitled to know" the stated reasons for Mrs. Van Hove's dismissal. Accordingly, we conclude that this category of statements was conditionally privileged under the terms of the Restatement.

## II.

Having concluded that each of the challenged statements at issue in this case is entitled to one of the common law conditional privileges, it remains to be determined whether or not contested facts remain with respect to any "abuse" of the privileges.

Where a defamation defendant sets forth sufficient facts to convincingly establish that each of the statements at issue is subject to either a constitutional or common law privilege, the burden which thereupon shifts to the plaintiff is a heavy one. See, Ali v. Daily News Publishing Co., 540 F.Supp. 142 (D.V.I. 1982) (summary judgment awarded defendants on basis of constitutional privilege); Ratner v. Young, 465 F.Supp. 386 (D.V.I. 1979) (summary judgment awarded on basis of constitutional privilege). Nevertheless, the required determination of "knowing falsity" or "reckless

disregard" obviously "calls into question" a defendant's state of mind and therefore "does not readily lend itself to summary disposition." Hutchinson v. Proxmire, 443 U.S. 111, 120 n.9 (1979) (constitutional privilege). Indeed, even in Bingle v. Neill, supra, this Court held the statements at issue to be conditionally privileged but nevertheless refused to grant full summary judgment to the defendants.

■ In the present case, the record does not (at this stage) establish with the certainty required by Rule 56 that the acts of defendant did not constitute an "abuse" of the privileges as defined by the Restatement. Although we are prepared to hold as a matter of law, that none of the challenged statements exceeded the "purpose" for which the privilege attached, genuine factual issues remain as to the basis for the speakers' knowledge or belief in the allegations against plaintiff and the care taken to establish the truth of such charges. Where an employer is privileged to publish a defamatory statement but in fact did not believe the statement to be true or acted recklessly in determining whether it was true, he will have abused the conditional privilege and thus be liable. See e.g., Gardner v. Hollifield, 549 P.2d 266, 269 (Idaho 1976) (genuine issues exist with respect to employer's charge that the dismissed employee was "incompetent"); Krumholz v. TRW, Inc., 360 A.2d 413, 416 (N.J. App. Div. 1976). In the absence of any evidence going to either the truth of the challenged statements or the reasonableness of the respective speaker's belief in the truth of the statements, summary judgment cannot be entered for a defendant otherwise entitled to a conditional privilege.

## ORDER

The premises considered and the Court being fully advised,

IT IS ORDERED that the motion of defendant Rock Resorts, Inc., for summary judgment is GRANTED IN PART to the extent it seeks a determination that each of the statements at issue is conditionally privileged;

FURTHER ORDERED that the motion of defendant Rock Resorts, Inc., for summary judgment, to the extent that it seeks dismissal of the complaint be, and the same is, hereby DENIED.